717 So.2d 661 (1998)
Kevin J. BOOS and Waylon D. Maynard
v.
BENSON JEEP-EAGLE COMPANY, INC.
No. 98-C-1424.
Court of Appeal of Louisiana, Fourth Circuit.
June 24, 1998.
*662 John B. Peuler, John R. Fitzgerald, McAlpine, Peuler & Cozad, New Orleans, for relator.
Before BYRNES, WALTZER and MURRAY, JJ.
BYRNES, Judge.
This is a redhibition action. Plaintiffs-respondents, Kevin J. Boos and Waylon D. Maynard, purchased a used 1994 Mazda 626 from defendant-relator, Benson Jeep-Eagle Company, Inc., on March 26, 1996. Plaintiffs claimed that, subsequent to their purchase of the vehicle, it began to systematically malfunction, and they discovered the vehicle had previously sustained flood damage. Plaintiffs instituted this action against relator to rescind the sale, averring that relator knew or should have known of the defect, and that relator had specifically denied that the vehicle "had been in a flood."
Relator, contending that the documents executed in connection with the sale of the vehicle to the plaintiffs contained waivers of warranty sufficient to insulate relator from liability for the flood damage, moved for *663 summary judgment. Relator brings this application for supervisory writs asking this Court to reverse the trial court's denial of said motion.
Appellate courts must review summary judgments de novo. Act No. 483 of 1997 amended La.C.C.P. art 966 effective August 15, 1997, and it is to be applied retroactively as well as prospectively. Waller v. American Seafoods Co., 97-0302, p. 1 (La.App. 4 Cir. 10/1/97), 700 So.2d 1306, 1307, writ not considered, 97-2769 (La.1/30/98), 709 So.2d 693. This Court stated:
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La.C.C.Pro. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. LA. C.C.P. art. 966 B. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. La.C.C.P. art. 966 C(2).
Id.
"Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." (citation omitted). Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96), 678 So.2d 580, 583.
A seller warrants the buyer against redhibitory defects, or vices, in the thing sold. La.C.C. art. 2520. A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed the buyer would not have bought the thing had he known of the defect. Id. The existence of such a defect gives a buyer the right to obtain rescission of the sale. Id. The implied warranty against redhibitory defects covers only hidden defects, not defects that were known to the buyer at the time of the sale, or defects that should have been discovered by a reasonably prudent buyer. La. C.C. art. 2521. Hidden defects are those which cannot be discovered by simple inspection. Landaiche v. Supreme Chevrolet, Inc., 602 So.2d 1127 (La.App. 1 Cir.1992). The implied warranty covers only defects that exist at the time of delivery. La.C.C. art. 2530. A seller who knows that the thing he sells had a defect, but fails to declare it, is liable to the buyer for the return of the purchase price, with interest from the time it was paid, for reimbursement of reasonable expenses occasioned by the sale, expenses incurred for preservation of the thing, and for damages and attorney fees. La.C.C. art. 2545. Proof that a redhibitory defect existed at the time of sale can be made by direct or circumstantial evidence giving rise to a reasonable inference that the defect existed at the time of sale. Dixie Roofing v. Allen Parish School Bd., 95-1526, 95-1527, p. 7 (La.App. 3 Cir. 5/8/96), 690 So.2d 49, 54, writs denied, 96-2084, 96-2100 (La.11/8/96), 683 So.2d 276, 277.
Relator asserts that plaintiffs waived any right to rescind the sale for redhibitory defects, as provided by La.C.C. art. 2548, which states:
The parties may agree to an exclusion or limitation of the warranty against redhibitory defects. The terms of the exclusion or limitation must be clear and unambiguous and must be brought to the attention of the buyer.
A buyer is not bound by an otherwise effective exclusion or limitation of the warranty when the seller has declared that the thing has a quality that he knew it did not have.
The buyer is subrogated to the rights in warranty of the seller against other persons, even when the warranty is excluded.
In order to be effective, a waiver of warranty must: (1) be written in clear and unambiguous terms; (2) be contained in the contract; and, (3) either be brought to the *664 attention of the buyer or explained to him. Mitchell v. Popiwchak, 95-1423, p. 4 (La. App. 4 Cir. 6/26/96), 677 So.2d 1050, 1053; Ross v. Premier Imports, 96 2577, pp. 6-7 (La.App. 1 Cir. 11/7/97), 704 So.2d 17, 21, writ denied. 97-3035 (La.2/13/98), 709 So.2d 750. The seller has the burden of proving that the buyer waived the warranties. Pias v. Wiggins, 96-499, p. 6 (La.App. 3d Cir.10/09/96), 688 So.2d 1103, 1106, writ denied, 96-2691 (La.1/10/97), 685 So.2d 143. Such waivers are strictly construed against the seller. Guillory v. Morein Motor Company, Inc., 322 So.2d 375, 378 (La.App. 3 Cir.1975).
In support of its motion for summary judgment, relator presented two copies, one handwritten, the other typewritten, of a purchase order agreement between plaintiffs and relator. At the bottom of each order is a disclaimer of warranty. The term "DISCLAIMER OF WARRANTY" is in all capital letters in bold print. However, the lettering is no larger than the standard-size lettering in most of the agreement. The body of the warranty is in print that is smaller than any other print on the sales agreement and states:
Any warranties on the products sold hereby are those by the manufacturer. The Seller, BENSON, hereby expressly disclaims all warranties, either expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, and BENSON neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said products.
It is specifically understood between the buyer and seller that this sale is made without any warranty whatsoever, expressed or implied, except as to title, and the buyer herein specifically waives the implied warranty provided for by Louisiana law, including all warranties against vices or defects for any particular purpose. This expressed waiver shall be considered a material and integral part of any sale which may hereafter be entered into between the parties covering the automobile herein described. There are no exceptions to the foregoing provision except as may be expressed in writing by the seller.
I have read the matter on the back hereof and agree to it as a part of this order the same as if it were printed above my signature. I acknowledge that the front and back hereof comprise the entire agreement affecting this order and no other agreement or understanding of any nature concerning same has been made or entered into. I further acknowledge receipt of a copy of this order.
Immediately below the disclaimer is the space for the purchaser's signature. The handwritten order appears to be signed by both plaintiffs. The bottom of the typewritten version is cut off and only shows the signature of Kevin Boos; but it is presumably signed by Waylon Maynard also.
Also attached to the motion for summary judgment was a copy of the finance agreement. On one page of the finance agreement is a section titled "SECURITY AGREEMENT." In that section is another waiver of rights, although nowhere in the section is there a subheading denominating it as such. The text of that section states that the buyer acknowledges that he expressly waived any right to demand rescission and, specifically, that he has waived the right to the redhibitory action, which is defined "as an action for the rescission or cancellation of the sale due to any hidden defect in the property which would not be discoverable by a simple inspection." Both plaintiffs signed this section in a provided space next to the statement: "Buyer has read and understands the above."
The content and placement of the waivers comply with the requirements of La.C.C. art. 2548. The waivers are clear and unambiguous. A person of average intelligence reading and signing the disclaimers would understand that he was waiving any right to any warranty on the used vehicle he was purchasing. They are contained in the purchase order and in the finance agreement.
The text of the waiver contained in the purchase order is denominated "disclaimer of warranty" in standard-size, bold print. The text is readable and the signatures of both plaintiffs are immediately below the disclaimer. The disclaimer is printed at the bottom *665 of the purchase order, and is set apart from the rest of the page which contains spaces for vehicle identification numbers, prices, personal information on the buyer, etc. The waiver along with the bold face upper-case caption call sufficient attention to the waiver to satisfy the requirements of La.C.C. art. 2548.
The waiver contained in the finance contract is not even denominated as a waiver or disclaimer. Rather, it is under the heading, "Security Agreement." Nevertheless, the content of the waiver of warranty is very specific, the waiver indicates that the signatory has read and understood the waiver, and the waiver is placed at the bottom of the finance agreement, set apart from other provisions. Should either form of the waiver be deemed insufficient standing alone to attract the attention of the buyers, the cumulative impact of both together would be sufficient. Therefore, we find that the waivers on their face are sufficient as to form and to attract the purchaser's attention.
But even where the waiver is sufficient as to form and to attract the attention of the purchaser, it may not be effective where the vendor knew or should have known of the defect and failed to declare it. See Edwards v. Port AMC/Jeep, Inc., 337 So.2d 276 (La.App. 1 Cir.1976), writ denied, 339 So.2d 854 (La.1976).[1] See also Helwick v. Montgomery Ventures Ltd., 95-0765 (La. App. 4 Cir. 12/14/95); 665 So.2d 1303, 1306, writ denied 96-0175 (La.3/15/96); 669 So.2d 424, where this Court stated that:
A seller with knowledge of a redhibitory defect who, rather than informing the buyer of the defect, opts to obtain a waiver of the warranty implied by law, commits fraud, which vitiates the waiver because it is not made in good faith. [Emphasis added.]
Contracts must be performed in good faith. La.C.C. art.1983. Fraud may result from silence or inaction. La.C.C. art.1953.
Relator claims that there is no evidence that it knew of the defect. In opposition to relator's motion for summary judgment, plaintiffs submitted a letter from Precision Transmission Exchange, dated November 14, 1996, referencing Kevin Boos and a 1994 Mazda 626, wherein it was stated that, due to the extensive water damage to an electronically controlled transaxle, Precision had to assume the vehicle sustained flood damage. Therefore, Precision said it could not warrant the repair work that apparently was done on the vehicle.[2]
Relator does not dispute the existence of the defect alleged by the respondents, and, in fact, even attaches to its writ application a copy of respondents' "Statement of Material Facts Not in Dispute," containing the unchallenged statement that: "After purchasing the vehicle the plaintiffs discovered it had numerous vices and defects, all relating to water or flood damage ..." Relator argues instead that it had no such knowledge of the defect as would void the waivers of warranty pursuant to La.C.C. art. 2548. However, it is not necessary that vendor have actual knowledge of the undisclosed defect to void the waiver of warranty. If the vendor should have known of the undisclosed defect, i.e., if the vendor had mere constructive knowledge of the undisclosed defect, it is sufficient to void the waiver of warranty. La.C.C. art. 2548 includes not only actual knowledge, but constructive knowledge. See Edwards v. Port AMC/Jeep, Inc., supra.
The nature of the alleged defects appear to be such as would become apparent pursuant to the type of inspection someone in relator's business would be presumed to make at the time it calculated the price it was willing to pay for the vehicle, and if not at that time, certainly no later than at the *666 time relator determined the price at which it was willing to sell the vehicle to the defendants. In view of the fact that any reasonable purchaser would expect that relator would have made such an inspection and would have disclosed any significant defects discovered in the course of such an inspection, relator cannot avoid responsibility by proving merely that it, in fact, made no such inspection. Although, where the waiver of warranty is adequate, the burden would normally be on the plaintiffs to show that the relator had actual or constructive knowledge of the defect, because of the nature of relator's business there is a presumption that the vendor had such knowledge, and the burden is on the relator to show that the plaintiffs' expectation of an inspection is for some reason unreasonable, or that it is reasonable to believe that such an inspection would not have uncovered the damage of which the plaintiffs complain. Thus, we do not mean to imply that it is reasonable to expect such an inspection to uncover every defect no matter how subtle. However, where it is reasonable to expect that an inspection was made by the used car dealer, the burden is on the vendor of used cars to show that a reasonable inspection was made and no defects were discovered, or that no inspection was made but the defect was of a nature that, more probably than not, it would not have been discovered by such an inspection. Placing the burden of proof on the vendor in these circumstances will discourage fraud and consumer abuse in an area of commerce that is particularly vulnerable to such possibilities, not to mention the fact that proof of the existence and results of any such inspections is completely within the control of the vendors of used vehicles.
In support of the waiver of warranty, relator relies on the affidavit of Jay Andonie, relator's employee who sold the vehicle to the plaintiffs. In his affidavit, Mr. Andonie swears that he had no knowledge of flood damage or prior ownership of the vehicle. But Mr. Andonie was not the vendor of the vehicle, relator was. Mr. Andonie's affidavit is insufficient to establish the fact that relator had no knowledge through other employees or agents. We cannot infer from Mr. Andonie's affidavit that he speaks for the knowledge of the relator as a whole. Moreover, Mr. Andonie's affidavit does nothing to rebut the presumption that the relator had constructive knowledge of the defect if it did not have actual knowledge.
For the foregoing reasons, we find that the record as it now stands will not support the relator's burden of proof for its motion for summary judgment and we find no basis for reversing the decision of the trial court to deny relator's motion.
WRIT GRANTED; RELIEF DENIED.
NOTES
[1] The 1993 revision comments to La.C.C. art. 2548, effective January 1, 1995, states that the article "gives legislative formulation to a well-established interpretation of the source provisions by the Louisiana jurisprudence," and that the article did not change the law. Edwards v. Port AMC/Jeep, Inc. was decided under the prior law but is still good law.
[2] Plaintiffs also presented a certificate of title showing that the Hertz Corporation had acquired the 1994 Mazda in January 1994. Relator purchased the vehicle from a private individual in March 1996, the same month the vehicle was sold to plaintiffs.