| .EDWARDS, Judge.
Defendants/Appellants, Beverly and Claude Walker, appeal the trial court’s ruling which granted a partial summary judgment in favor of Nicole and Conrad Frey on the issue of liability for redhibi-tory defects. The Walkers also appeal the court’s denial of their own motion for summary judgment on the same issue, alleging that the trial court erred in finding that no issues of genuine material fact existed. For the following reasons, we affirm.
Beverly and Claude Walker, (“the Walkers”), purchased a home from Janet O’Heren and her siblings, with the intention of substantially renovating the home and placing it for sale on the open market. Prior to the sale, Janet O’Heren informed the Walkers that the home had an unstable foundation, and that the home’s prior owner had experienced significant drainage problems caused by tree roots growing into the sewer lines. Before purchasing the home, the Walkers retained the services of James G. Gilbert, an engineer, to “conduct an inspection |3and write a shoring procedure.” Mr. Gilbert observed that there were several cracks in the foundation slab, with one notable crack that had a vertical offset of approximately Vk inches. The Walkers proceeded to purchase the property on October 8, 1998, and began renovations. Among the renovations made to the home was the use of a “slab patching material” to compensate for the “offset” in the cracked foundation. The foundation patch was then covered with “flooring overlays” such as carpeting and vinyl flooring.
On December 16, 1998, the Walkers listed the property for sale with a Prudential *889 real estate agent. In January of 1999, Nicole and Conrad Frey, (“the Freys”), expressed an interest in purchasing the renovated home, and met with the Walker’s realtor. Prior to signing a purchase agreement, the Freys were informed that the home had previously been shored seven years prior, and that a crack in the slab had been repaired at that time. The Freys were also told that the Walkers had hired an engineer who found that the slab had a two inch differential from one corner of the home to the other. The Freys signed a purchase agreement for the home, and were provided with a property disclosure. In regard to foundation defects, the Walkers reiterated on the property disclosure that the home had been shored seven years prior, and that a crack in the slab had been repaired at that time. In regard to plumbing defects, the Walkers stated that they had no knowledge of any.
The Freys retained a home inspector to view the home prior to the time of sale. His finding was that there were no structural defects, but that several cracks to exterior walls needed to be repaired. The Walkers made the requested cosmetic repairs. On January, 28,1999 the Freys and the Walkers went to the act of sale on the home. The parties agreed that the home would be sold “As Is,” |4with a waiver of redhibition. On January 29, 1999 the Freys began to move into the home. They immediately noticed popping and cracking noises that were made as they placed boxes on the floor. They also began having problems with low water pressure and drainage on that same day. On February 10, 1999, The Freys hired a plumber to unclog the drains in their home. On February 26, 1999, after receiving an anonymous note which stated that the foundation in the home was defective, the Freys hired a mechanical engineer to inspect the foundation. The engineer’s report stated that after he removed the floor coverings in the home, he discovered that the foundation had extensive and unrepairable cracking which had been poorly repaired in “an apparent attempt to hide and disguise these foundation deficiencies under the flooring overlays.” Near the end of February,1999, sewerage began to back up into the bathtub. On April 13, 1999, a plumber visually inspected the sewer lines of the home and found that some portions were almost completely blocked by vegetation and tree roots.
After unsuccessfully requesting that the Walkers accept return of the home, the Freys filed suit in the 24th Judicial District Court for the Parish of Jefferson. After suit was filed, the Walkers once again hired engineer James G. Gilbert to inspect the home. Gilbert concluded that the repair attempt to the slab made by the Walkers was insufficient and that nothing would prevent further cracking of the slab. The Freys filed a motion for partial summary judgment on the issue of liability against Mr. and Mrs. Walker on November 22, 2000. The Walkers filed a cross motion for summary judgment on February 8, 2001. The trial court held a hearing on both motions, granting the Frey’s Motion for partial summary judgment on the issue of liability and denying the Walker’s motion for summary | .¡judgment. The Walkers timely filed this appeal.
LAW AND ANALYSIS
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.[1] An appellate court must ask *890 the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[2] The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[3] There must be a “genuine” or “triable” issue on which reasonable persons could disagree.[4] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show “that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” A material fact is one that would matter on the trial of the merits.[5]
LSA C.C. Art. 2520 provides that the seller warrants the buyer against redhibi-tory defects, or vices, in the thing sold, and further defines the term “redhibitory” as a defect which “renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect.” LSA C.C. Art. 2520 also states that Ifithe existence of such a redhibitory defect gives a buyer the right to obtain rescission of the sale. LSA C.C. Art. 2530 further clarifies that the warranty against redhibitory defects covers only defects that exist at the time of delivery and that the defect shall be presumed to have existed at the time of delivery if it appears within three days from that time.
LSA C.C. Art. 2548 allows parties to a sale to agree to exclude or limit the warranty against redhibitory defects, however, the terms of the exclusion or limitation must be clear and unambiguous and must be brought to the attention of the buyer. A buyer is not bound by an otherwise effective exclusion or limitation of the warranty when the seller has declared that the thing has a quality that he knew it did not have. A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees.[6]
In their first assignment of error, the Walkers assert that the trial court erred in granting plaintiffs motion for partial summary judgment. In their fourth assignment of error, the Walkers assert that the trial court erred in denying the Walker’s motion for summary judgment. For the following reasons, we find that the trial court properly granted partial summary judgement in favor of the Freys while denying the Walker’s Motion for Summary Judgment on the same issue.

Foundation defects:

In their second assignment of error, the Walkers assert that the trial court 17erred in finding that there was no disputed genuine issue of material fact that the defects Plaintiffs complained of concerning the slab/foundation were hidden and not *891 disclosed by the Walkers. In their sixth assignment of error, the Walkers assert the trial court erred in failing to find that the foundation or slab defects complained of by Plaintiffs were previously disclosed to the Plaintiffs before they bought the house.
In their disclosure form, regarding the foundation, the Walkers stated that, “The home was shored 7 years ago and the crack in the slab was repaired.” In her deposition testimony, Janet O’Heren testified that the “mud jacking”, which attempted to stabilize the foundation of the home in 1981 or 1982 was unsuccessful. She further testified that she never told the Walkers that there were repairs to the foundation seven years prior to the sale. The report of James Gilbert, the Walker’s engineer, noted in his report to the Walkers prior to the time that they purchased the home from the O’Herens that there was a large crack with a vertical offset of approximately one inch and half. After the Freys had purchased the home and subsequently filed suit, Gilbert again inspected the home, and explained in his deposition that the crack in the foundation was a structural defect and that nothing could be done to repair it. The Walkers had, however, hired someone who had used “Floor Patch” to make the floor level where the off set was the most apparent. This patch work was further covered by floor coverings of carpet and linoleum.
The court found that, based upon the deposition testimony, and in part upon materials presented by defendant’s own expert, that there was a redhibitory defect with regard to a crack in the slab. The Court further found that the nature of the plastering material, and thereafter the carpeting and tilting of a small |sportion of the floor represent that crack to be concealed as a matter of fact. The crack was not detectable below the carpet so it was concealed or hidden. The Court further found that there was no material fact that when the Walkers bought the property they saw the defect, and that when they sold the property, the defect was covered. The court finally concluded that the disclosure was inadequate to describe that there were significant cracks in the slab at the time it was sold. Based on the foregoing, we cannot say that the trial court erred in granting summary judgment on this issue. Plumbing defects:
In their third assignment of error, the Walkers assert that the trial court erred in finding that there was no genuine issue of material fact that an undisclosed plumbing defect existed before Plaintiffs purchased the house from the Walkers. In their seventh assignment of error, the Walkers assert that the trial court erred in failing to find that the unrebutted evidence showed that the alleged plumbing defects complained of by Plaintiffs did not exist during the time the Walkers owned the house.
In their disclosure form, the Walkers indicated that they had no knowledge that anything had ever been wrong with the plumbing. The Walkers claim that they were never informed by the O’Herens of a plumbing defect prior to the time that they purchased the home, and that they never subsequently obtained notice that there were plumbing defects in the home. The deposition testimony of Janet O’Heren on this issue was as follows:
Q: Did the Walkers ask you if 555 Carol Street Drive structure had any plumbing problems?
A: Yes.
Q: And what was your response?
A: I told him that I always remember my mother calling the |Bplumber frequently and having Roto-Rooter to do something in the line for the sewerage.
*892 Q: The sewerage line on the property around the house? Or out on the street? Or inside the home?
A: There was a tree root that grew into something. That’s all I knew.
Q: So that tree root was the source of any plumbing problems the house had?
A: Of the sewerage, yes.
The Walkers further argue that they disclosed to the Freys that there were oak trees in the yard, the imputation being that one could conceive that this might lead to defects in the plumbing.
The trial court relied upon the following facts in ruling that the Walkers had knowledge of the plumbing defects prior to selling the home to the Freys: Photographs of the interior of the sewer pipes, taken exactly three months after the sale, show an intrusion of vegetation and roots, which presumably could not have grown into the pipes during such a short time period. The Freys reportedly began to experience plumbing problems the day that they moved in, and had to hire a plumber 12 days after the sale. Based on the foregoing, we cannot say that the trial court erred in granting summary judgment on this issue.
In their fifth assignment of error, the Walkers assert that the trial court erred in disregarding the unrebutted certified appraisal the Walker’s submitted and the Plaintiffs own testimony reflecting that Plaintiffs sustained no recoverable damages or economic losses. The trial court, in granting the Frey’s summary judgment, specifically did not address the issue of damages, finding this issue “sever-able” from the issue of liability. La. C.C. Art. 2545, however, states that “a seller who knows that the thing he sells has a defect but omits to declare it, is liable to the buyer for the return of the price with interest from the time it [inwas paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees.” Therefore, in light of the trial court’s finding that the Walkers had knowledge of the defects prior to sale, it is reasonable to conclude that the Freys could recover the sale price of the home, costs of preservation, as well as attorney’s fees as “damages.” Therefore we find this assignment of error to be without merit.
In their eighth assignment of error, the Walkers assert that the trial court erred in disregarding the written disclosures the Walkers provided Plaintiffs and all prospective purchasers. As discussed above, the trial court found that the disclosures made were not sufficient to indicate the existence of or the extent of the plumbing problems and the foundation crack. After a review of the record, we agree that the disclosures made by the Walkers were inadequate, deceptive and misleading.
In their ninth assignment of error, the Walkers assert that the trial court erred in failing to find that the alleged defects were either disclosed or readily visible or discoverable by a prudent purchaser of a house. In light of our holding that the trial court did not err in finding that the defects had been sufficiently covered up to the point where they were not readily discoverable or visible, we find this assignment to be without merit.
In their tenth assignment of error, the Walkers assert that the trial court erred in finding that the Walkers communicated any warranties or representations concerning the scope, nature, extent, or temporal length of any repairs made to the house would remain effective, especially in light of the “As Is” sale of the house to the Plaintiffs and the Plaintiffs contractual waivers. In their eleventh |¶1 assignment *893 of error, the Walkers assert that the trial court erred in failing to find that the Plaintiffs’ waivers of redhibition and other claims remained in effect due to the disclosures the Walkers provided and the alleged conditions or defects that were disclosed to Plaintiffs, and alternately, that should have been discovered by reasonably prudent home buyers. In Boos v. Benson Jeep-Eagle Co., Inc., 98-1424 (La.App. 4 Cir. 6/24/98), 717 So.2d 661[7] the Fourth Circuit noted that, “A seller with knowledge of a redhibitory defect, who, rather than informing the buyer of the defect opts to obtain a waiver of the warranty implied by law, commits fraud, which vitiates the waiver because it is not made in good faith.”[8] In this case, the trial court found that the Walkers had, in effect, concealed defects from the Freys either by cosmetic repair or non disclosure, and further obtained a waiver of redhibition to escape liability. Based upon the holding of Boos, the concealment of defects by the Walkers would have been sufficient to vitiate the waiver of redhibition made by the Freys. We cannot say that the trial court committed manifest error in this finding. Based on the foregoing, we find appellants tenth assignment of error to be without merit. Also, as previously addressed in the above assignments, we affirm the trial court finding that the disclosures made by the Walkers were not accurate and that the defects in the home were not easily discoverable and, accordingly, we find that appellant’s eleventh assignment is without merit as well.
For the foregoing reasons, we find that the trial court properly granted the Freys’ Motion for summary Judgment, while denying the Walkers cross Motion for Summary Judgment. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. Bua v. Dressel, 96-79 (La.App. 5th Cir.5/28/96), 675 So.2d 1191; writ denied, 96- *890 1598 (La.9/27/96), 679 So.2d 1348; citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.

. Tassin v. City of Westwego, 95-307 (La.App. 5th Cir. 12/13/95), 665 So.2d 1272.

. Rowley v. Loupe, 96-918 (La.App. 5th Cir.4/9/97), 694 So.2d 1006.

. Id. at 1008.

. J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5th Cir.2/14/96), 670 So.2d 1305.

. La. C.C. Art. 2545.

. 98-1424 (La.App. 4 Cir. 6/24/98), 717 So.2d 661, 665.

. Id., citing Helwick v. Montgomery Ventures Ltd., 95-0765 (La.App. 4 Cir. 12/14/95); 665 So.2d 1303, 1306, writ denied 96-0175 (La.3/15/96); 669 So.2d 424,