HYNETHIA M. SABBATH, Plaintiff-Appellee
v.
TOMMY MARTIN D/B/A, TOMMY'S WHOLESALE, Defendant-Appellant.
No. 44,862-CA.
Court of Appeals of Louisiana, Second Circuit.
October 28, 2009.
Not Designated for Publication
DONALD A. WEATHERSBY II, Counsel for Appellant.
HYNETHIA M. SABBATH, In Proper Person.
Before WILLIAMS, CARAWAY and MOORE, JJ.
CARAWAY, J.
The plaintiff in this vehicle redhibition action sought return of the down payment she made on the vehicle she purchased from defendants or return of the vehicle. The city court judge awarded plaintiff a portion of the down payment amount and denied defendant vendor's reconventional demand for cost of repairs to the vehicle and the unpaid note balance. The defendant vendor appeals the judgment arguing that plaintiff was not entitled to judgment for redhibitory defects because she signed a waiver of warranty. The vendor also seeks reversal of the judgment denying the reconventional demand. For the following reasons, we affirm the ruling of the city court.

Facts
Hynethia Sabbath ("Sabbath") purchased a 4-door 2000 Pontiac Sunfire from Tommy's Wholesale Auto ("Tommy's") for the total cash price of $4,483.50 by bill of sale dated April 18, 2008. The car had an odometer reading of 155,680 miles. Tommy Martin signed the bill of sale as the seller. Sabbath made a $1,200 cash down payment on the vehicle and Tommy's financed the remaining $3,283.50, payable in 13 monthly installments of $252.58.
The Bill of Sale contained the following warranty waiver:
I hereby waive the warranty of fitness or guarantee against redhibitory vices imposed by Louisiana Civil Code, Articles 2476 and 2520 and other applicable law, and I release the seller from any claim that I may have as a result of known or hidden defects for return of or reduction in the purchase price and this waiver is additional consideration in fixing the price herein. I have read the contents and I fully understand I am giving up my rights to a warranty either stated or implied.
SOLD AS IS-NO WARRANTY
Sabbath claimed that in the three months she possessed the car, "every other week" she brought the car to Tommy's mechanic for repair which included a broken alternator, window, air conditioner and strange car noises. Tommy's repaired all of the problems for Sabbath without charge. In July 2008, however, the car broke down on the interstate and Sabbath contacted an employee of Tommy's who informed her that Tommy's would "pull it in" and call her to let her "know what was wrong with the car." On July 14, 2008, Tommy's presented Sabbath with a repair bill totaling $1,736.13 and requested one-half of the amount in cash for return of the car. Tommy's also allegedly agreed to place the remaining one-half of the amount "at the back of her note." Sabbath was unwilling and unable to pay the sum.
Sabbath retained counsel who sent legal notice to Tommy's for return of the car without charge or possible pursuit of legal action. Upon Tommy's failure to comply with counsel's request, Sabbath instituted suit in Shreveport City Court on September 30, 2008, seeking rescission of the sale, as well as interest and costs or, in the alternative, return of the car.
Tommy's answered the suit and asserted the affirmative defense of waiver of warranty. Additionally, Tommy's filed a reconventional demand for the past due balance owed on the credit sale and $1,736.13 for the repairs made to the vehicle. Tommy's alleged that Sabbath made a last payment on the car on May 23, 2008, and made no payments thereafter.
At the trial, Sabbath testified consistently with the facts noted above. Additionally she admitted that she had seen a sign in Tommy's which notified purchasers that all vehicles were sold as is. Sabbath recognized the bill of sale she executed with a waiver of warranty but testified that she did not understand what she was signing. Sabbath also maintained that she did not give Tommy's permission to repair the vehicle and that she was current on her note payments through June 23, 2008.
Jemma McGee testified on behalf of Tommy's. McGee identified the finance agreement and asserted that Sabbath was behind $605.15 on her car notes. McGee also identified the invoice for repairs to the car in the amount of $1,736.13 which was introduced into evidence. She testified that "the final time" Sabbath brought the car in for repairs was due to Sabbath's negligence because she failed to pay attention to the gauges and neglected the overheating of the vehicle. McGee testified that Tommy's offered to put one-half of the repair bill amount on her car note, interest free.
After trial, the trial court orally ruled in favor of Sabbath, awarding her the return of $800.00 of the purchase price. The court denied Tommy's reconventional demand. A written judgment dated January 16, 2009, followed. This appeal by Tommy's ensued.

Discussion
The trial court ruling effectively rescinded the sale of the vehicle and returned a portion of the amount that Sabbath had paid as a down payment on the credit sale. Tommy's argues that the city court judge erred in ruling in favor of Sabbath due to the waiver of warranty clause contained in the bill of sale. Moreover, Tommy's avers that the city court judge also erred in denying its claim for past due note amounts and the costs of repair of the vehicle.
A seller warrants the buyer against redhibitory defects, or vices, in the thing sold. A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed the buyer would not have bought the thing if he had known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale. La. C.C. art. 2520; Berney v. Rountree Olds-Cadillac Co., 33,388 (La. App. 2d Cir. 6/21/00), 763 So.2d 799.
Minor defects alone do not constitute redhibitory defects, but even when vices are minor and repaired, multiple defects may support redhibition. Berney, supra. The existence of redhibitory defects is a question of fact which should not be disturbed in the absence of manifest error. Berney, supra; Ford Motor Credit v. Laing, 30,160 (La. App. 2d Cir. 1/21/98), 705 So.2d 1283. Although this warranty does not apply as extensively as with new products, it requires that even used equipment operate reasonably well for a reasonable period of time. Berney, supra.
The buyer of an automobile who asserts a redhibition claim need not show the particular cause of the defects making the vehicle unfit for the intended purposes, but rather must simply prove the actual existence of such defects. Young v. Ford Motor Co., 91-0561 (La. 3/2/92), 595 So.2d 1123. In general, the intended purpose of an automobile is transportation. Guillory v. Morein Motor Co., 322 So.2d 375 (La. App. 3d Cir. 1975).
A seller who did not know that the thing he sold had a defect is only bound to repair, remedy, or correct the defect. If the buyer fails to do so, he is bound to return the price to the buyer with interest from the time it was paid, and to reimburse him for the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, less the credit to which the seller is entitled if the use made of the thing were of some value to the buyers. La. C.C. art. 2531; Alexander v. Burroughs Corp., 359 So.2d 607 (La. 1978); see also Prince v. Paretti Pontiac Co., 281 So.2d 112 (La. 1973). Such a seller is called a "good faith seller." Stuck v. Long, 40,034 (La. App. 2d Cir. 8/17/05), 909 So.2d 686, writ denied, 05-2367, (La. 3/17/06), 909 So.2d 686.
La. C.C. art. 2548 states, in pertinent part, that the parties may agree to an exclusion or limitation of the warranty against redhibitory defects. The terms of the exclusion or limitation must be clear and unambiguous and must be brought to the attention of the buyer. In order to be effective, a waiver of warranty must: (1) be written in clear and unambiguous terms; (2) be contained in the contract; and, (3) either be brought to the attention of the buyer or explained to him. Although a buyer may waive the implied warranty against hidden defects, the waiver must be clear and unambiguous. Prince, supra. Such waivers are strictly construed against the seller. Berney, supra; Boos v. Benson-Jeep-Eagle Co., 98-1424 (La. App. 4th Cir. 6/24/98), 717 So.2d 661, writ denied, 98-2008 (La. 10/30/98), 728 So.2d 387. In order to be effective, such waiver of warranty must also be contained in the contract. Ross v. Premier Imports, 96-2577 (La. App. 1st Cir. 11/7/97), 704 So.2d 17, 21, writ denied, 97-3035 (La. 2/13/98), 709 So.2d 750. There is no requirement that the waiver of warranty be verbally brought to the attention of a purchaser. Id.
The mere fact that a sale is confected "as is" does not create a waiver of all warranties. Hendricks v. Horseless Carriage, Inc., 332 So.2d 892 (La. App. 2d Cir. 1976); Harvell v. Michelli, 500 So.2d 871 (La. App. 2d Cir. 1986); Ross, supra. If the act of sale fails to state that the purchaser waives express and implied warranties, including the warranty of fitness for a particular purpose and the warranty against redhibitory vices, it is not sufficiently clear and the seller remains responsible for implied warranties associated with the concept that the thing be fit for the use for which it is intended. La. C.C. art. 2520. The seller bears the burden of proving the warranty has been waived. Boos, supra.
The issue of the defect in the vehicle was disputed, particularly with regard to the cause for the final repair of the vehicle. Nevertheless, in the absence of testimony by a mechanic, the repeated problems with the vehicle after the sale which prevented Sabbath's use circumstantially allow for the conclusion of redhibitory defects.
While we recognize the written waiver of warranty involved in this sale, there were additional factual matters which called into question the parties' understanding of such waiver. It is not disputed that the vehicle was returned to Tommy's for certain repairs after the sale and that those repairs were made without charge to Sabbath. Those risks with the vehicle would be Sabbath's responsibility in the absence of any warranty regarding the sale. Nevertheless, Tommy's repaired the vehicle as though a warranty existed. Additionally, Tommy's failure to assert the waiver of warranty for those initial repairs led to the misunderstanding and dispute concerning the more extensive repairs that occurred in July 2008.
There were two disputed facts which the trial court was called upon to determine in the midst of this controversy and the parties' pattern of dealings over the vehicle's repairs: (i) Sabbath's understanding of any waiver of warranty and (ii) Sabbath's consent to allow the final repairs to the vehicle to be performed at her costs. From these circumstances, we find no manifest error in the determination that Sabbath was confused about the waiver of warranty and that she did not intend for the vehicle to be repaired at her cost. From those fact rulings implied in the trial court's judgment, the trial court's rescission of the sale and the return of a portion of the price to Sabbath is affirmed.

Conclusion
For the foregoing reasons, the ruling of the city court is affirmed. Costs of this proceeding are assessed to Tommy's.
AFFIRMED.