MARC E. JOHNSON, Judge.
[ gPlaintiffs/Appellants, Nancy Williams and Franco Valobra, seek review of the judgment sustaining the exception of no cause of action in favor of Defendants/Appellants, Robert Allan Nelson and Jerome Garfield Smith, III as co-trustees of the Allan R. & Louise S. Nelson revocable trust and the Allan R. Nelson Marital Trust (“the Trusts”), in a redhibition action through fraudulent inducement from the 24th Judicial District Court, Division “D”. For the foregoing reasons, the judgment is affirmed as amended and the matter is remanded to the trial court.
FACTS AND PROCEDURAL HISTORY
On April 25, 2012, Plaintiffs purchased the residence located at 415 Vincent Avenue in Metairie, Louisiana from the Trusts for $1,400,000.00. Louise and Allan Nelson had previously resided together in the residence until May 2006 when Allan passed away. Louise continued to live in the home until the sale of the property to Plaintiffs. On February 24, 2012, the Trusts, through their co-trustees ^Robert Nelson and Jerome Garfield Smith, III, executed a disclosure document attesting to the condition of the property. In the disclosure document, the Trusts represented that the property had few, if any, defects. When given the option to choose “yes,” “no,” or “no knowledge,” the Trusts checked the “no” boxes for each inquiry regarding defects in the property. The only reported defects were that there were isolated drainage issues and flooding attributable to the May 8, 1995 flood and Hurricane Katrina. Based upon the disclosure document executed by the Trusts and the pre-sale inspection, Plaintiffs signed a redhibition waiver that excluded the Trusts’ warranty against redhibitory defects in the property.
On October 12, 2012, Plaintiffs filed a Petition against the Trusts. In the Petition, Plaintiffs alleged the property was found to have numerous and major defects. Plaintiffs stated that they forwarded correspondence to the Trusts on August 20, 2012, requesting that the Trusts visit the property to review the defects and provide a reduction in the purchase price based upon the cost of the repairs. Plaintiffs further stated that in correspondence dat *975 ed September 4, 2012, the Trusts denied any liability and asserted that they were never in a position to know of any defects that may have existed in the premises. Plaintiffs alleged the acts of the Trusts were in bad faith and constituted fraudulent inducement. Because of the fraud, Plaintiffs asserted that they could not be bound by the executed waiver of redhibition and said waiver was void.
On December 10, 2012, the Trusts filed an Exception of No Cause of Action. In the exception, the Trusts argued that Plaintiffs failed to state a claim in their Petition upon which relief could be granted because Plaintiffs did not allege that the Trusts knew of any redhibitory defects and failed to disclose them. The hearing on the exception was held on February 20, 2013. After taking the matter |4under advisement, the trial court sustained the exception on March 20, 2013. The instant appeal followed.
ASSIGNMENT OF ERROR
In their sole assignment of error, Plaintiffs alleged the trial court erred in sustaining the Trusts’ Exception of No Cause of Action.
LAW AND ANALYSIS
Plaintiffs allege the trial court erred in sustaining the Trusts’ Exception of No Cause of Action because they made the allegations that they were fraudulently induced into signing the waiver of warranty and the warranty was invalid in their Petition. Plaintiffs contend the Trusts fraudulently completed the disclosure form by failing to indicate on the form that they had no knowledge of whether the premises had defects as required by La. R.S. 9:3197(B)(1), and the Trusts induced them into signing the redhibition waiver by misrepresenting their knowledge. Plaintiffs also argue their allegation in the Petition that the defects of the premises were only discovered when their contractor began examining the property was a sufficient allegation that there were redhibitory defects in the property. Because the court must accept the facts pleaded as true, Plaintiffs maintain that they state a valid cause of action for fraudulent inducement in their Petition. Alternatively, Plaintiffs argue that if it is decided by this Court that they failed to state a cause of action, then they should be allowed to amend their Petition to cure any defects.
The Trusts contend that the trial court was correct in sustaining their Exception of No Cause of Action because Plaintiffs admit in their Petition that they waived the warranty of redhibition in the act of sale for the property. The Trusts argue that Plaintiffs failed to allege that the Trusts knew of the alleged redhibitory defects or willfully misrepresented any condition of the property in the disclosure form or otherwise. Since Plaintiffs failed to allege that the Trusts knew of the | ^alleged redhibitory defects and failed to disclose them, the Trusts maintain that Plaintiffs failed to state a redhibition claim on the face of the Petition. The Trusts assert that Plaintiffs’ effort to contort the property disclosure form into a warranty is baseless. The Trusts further contend that Plaintiffs had to plead fraud with particularity, which Plaintiffs failed to do in their Petition; thus, this Court should affirm the trial court’s ruling.
In reviewing a trial court’s ruling on a peremptory exception of no cause of action, the appellate court conducts a de novo review because the exception raises a question of law and the lower court’s decision is based solely on the sufficiency of the petition. NOLA 180 v. Treasure Chest Casino, 11-853 (La.App. 5 Cir. 3/27/12); 91 So.3d 446, 449. A cause of action, for purposes of the peremptory exception, is *976 defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. Show-Me Const., LLC v. Wellington Specialty Ins. Co., 11-528 (La.App. 5 Cir. 12/29/11); 83 So.3d 1156, 1159. The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Id.
No evidence may be introduced to support or controvert the exception raising the objection of no cause of action pursuant to La. C.C.P. art. 931, and for the purpose of determining the issues raised by the exception, all facts well-pleaded in the petition must be accepted as true. Id. “When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.” La. C.C.P. art. 934. If the grounds of the objection raised through the exception cannot be so removed, the action shall be dismissed. Id.
|(jA seller warrants to the buyer the absence of hidden defects in the thing sold, and also warrants that the thing is fit for its intended use. La. C.C.art. 2475. Redhibition is the right of a buyer to obtain rescission of the sale when the thing sold has defects that render it useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. La. C.C. art. 2520. La. C.C. art. 2548 allows parties to a sale to agree to exclude or limit the warranty against red-hibitory defects; however, the terms of the exclusion or limitation must be clear and unambiguous and must be brought to the attention of the buyer. Frey v. Walker, 01-709 (La.App. 5 Cir. 12/26/01); 807 So.2d 887, 890. A buyer is not bound by an otherwise effective exclusion or limitation of the warranty when the seller has declared that the thing has a quality that he knew it did not have. Id. “A seller with knowledge of a redhibitory defect, who, rather than informing the buyer of the defect opts to obtain a waiver of the warranty implied by law, commits fraud, which vitiates the waiver because it is not made in good faith.” Id. at 893, citing Boos v. Benson Jeep-Eagle Co., Inc., 98-1424 (La.App. 4 Cir. 6/24/98); 717 So.2d 661.
In the case at bar, Plaintiffs set forth the following pertinent allegations in their Petition:
* * *
3.
Prior to the sale, on February 24, 2012, defendants executed a disclosure document for the specific purpose of inducing the plaintiffs to enter into the sale of the property at the stated price with a waiver of redhibition.
4.
In the disclosure document, the defendants represented to the plaintiffs that the property had few, if any, defects. Specifically, the defendants stated that the property in question contained no defects with reference to the roof, the interior walls, the floors, the attic space, the porches, the stairs or stairways, the pool, the decks, the windows, the ceilings, the exterior walls, the foundation, the overhangs, the 17railings, the spa and the patios. The defendants indicated that, with reference to drainage and flooding issues, the only known incident occurred during Hurricane Katrina and the “May 8th flood” — indicating that the drainage issues and flooding were isolated to unique and unusual events. Further the defendants represented that no defects existed in the heating and cooling system.
*977 5.
The aforementioned representations were made affirmatively and unambiguously. The defendants specifically checked the “no” box on each inquiry even though the defendants had the option of checking “yes” or “no knowledge”. The defendants cheeked the “no” box on the disclosure form and did not represent that they had “no knowledge” of the facts they disclosed even though they had the option of doing so.
11.
Defendants failed to advise the plaintiffs that they were not in a position to know one way or another whether the premises contained defects and thus intentionally misled the plaintiffs into believing that the defendants executed the disclosure form with knowledge of that which they stated.
12.
The acts of the defendants are in bad faith and constitute fraud in the inducement.
13.
The defects in the premises that have been discovered by the plaintiffs constitute redhibitory defects, and thus, plaintiffs are entitled to a reduction of the purchase price paid or, alternatively, all damages for all repairs to be made pursuant to La. C.C. art. 2520.
14.
Additionally, because of defendants’ bad faith and fraud, plaintiffs cannot be bound by the executed waiver of redhibition and said waiver is void.
[Emphasis in original].
After our de novo review of the Petition, we find Plaintiffs failed to state a cause of action in redhibition through fraudulent inducement. Plaintiffs signed .a redhibition waiver that excluded or limited the Trusts’ warranty against redhibition. In order for Plaintiffs to be successful in their claim against the Trusts, |sPlaintiffs would have to prove that the Trusts knew of the defects prior to the signing of the waiver and sale of the property. Otherwise, Plaintiffs are bound by the redhibition waiver and have no viable claims against the Trusts. Although they sufficiently pleaded there were redhibitory defects in the property, Plaintiffs failed to allege in their Petition that the Trusts had knowledge of the redhibitory defects in the property, which is fatal to a redhibition action. Therefore, the trial court was proper in sustaining the Trusts’ Exception of No Cause of Action. However, pursuant to La. C.C.P. art. 934, we are allowing Plaintiffs to cure the defect since the grounds of the Trusts’ objection can be removed through amendment of their Petition.
DECREE
For the foregoing reasons, we affirm as amended the judgment sustaining the Trusts’ Exception of No Cause of Action. Furthermore, it is ordered that Nancy Williams and Franco Valobra be allowed to amend their Petition with the trial court within thirty (30) days of the rendering of this opinion. Plaintiffs are assessed the costs of this appeal.

AFFIRMED AS AMENDED; REMANDED.