# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2015

Lyle W. Cayce
Clerk

No. 15-30031

BRITNEY N. JONES, individually and as tutor of minor children M.E.P. and M.N.P.,

      Plaintiff - Appellant

v.

WELLS FARGO BANK, N.A.; COX MANAGEMENT SERVICES,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-2513

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM*:

Plaintiff Britney N. Jones filed suit against Wells Fargo Bank, N.A., ("Wells Fargo") and Cox Management Services ("Cox"), asserting Louisiana state law claims of fraud and redhibition in relation to her purchase of a home from Wells Fargo. Jones appeals the district court's orders granting Wells Fargo's motion to dismiss and Cox's motion for summary judgment. For the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30031

reasons that follow, we REVERSE the court's judgment of dismissal as to Wells Fargo, AFFIRM the summary judgment in favor of Cox, and REMAND for further proceedings consistent with this opinion.

## I. Background

In September 2010, Wells Fargo acquired 1425 Magnolia Ridge in Bossier City, Louisiana, (the "Residence") through a foreclosure sale. In December 2011, Wells Fargo sold the Residence to Jones and her husband. In July 2013, after Jones and her husband divorced, Jones filed suit against Wells Fargo and Cox in Louisiana state court alleging state law claims of redhibition and fraud in relation to Jones's discovery of mold in the Residence. Wells Fargo removed the action to federal district court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Jones's complaint contains the following factual allegations related to the concealment of mold in the Residence. "Defendants sold the Residence to Plaintiff with full knowledge that the Residence had mold and other issues." "The mold in the Residence was due to a faulty hot water heater at the Residence, about which Defendants had full knowledge prior to the sale." In January 2010, the Defendants "were provided with a mold remediation plan for the Residence that recommended substantial work be performed in the Residence to remediate the mold." "[T]his work never was performed." In October 2010, the Defendants "were furnished with a second mold remediation plan for the Residence[,] which also recommended extensive mold remediation work at the Residence." "[T]his work never was performed." "Defendants performed certain cosmetic work and air scrubbing in an effort to conceal the mold problem in the Residence from Plaintiff so that the Residence could be sold to Plaintiff without her knowledge of the mold problem." "Defendants purposely failed to notify or otherwise inform Plaintiff that the Residence had

2

a mold problem." "As a result, Plaintiff purchased the Residence under the mistaken belief that the Residence did not have any mold-related issues . . . ."

Jones's complaint also alleges the following facts related to her discovery of mold in the Residence. Subsequent to her purchase of the Residence, her children developed respiratory and other health issues. In June 2013, "Plaintiff obtained an environmental assessment of the Residence showing extensive mold growth in the Residence in the wall cavities." "Investigation of the Residence following discovery of mold showed active attempts of concealment[,] which . . . were perpetuated by the Defendants in an effort to sell the Residence to Plaintiff without her discovery of the mold issues." "Removal of the mold from the Residence will require substantial cost and expense, including removal of kitchen cabinets and surfaces, stove, oven, numerous walls within the Residence, insulation and other materials." The presence of mold "diminishes the Residence's usefulness or its value so that Plaintiff only would have purchased the Residence at a much lower price than she paid."

The complaint states that Wells Fargo hired Cox to provide "certain management services" in connection with the Residence. Evidence later adduced in this case demonstrated that, during the time Wells Fargo owned the property, it hired Cox to perform repairs and other work on the Residence in relation to the water and mold damage. Cox subcontracted out the work to another entity. Cox had no communication or interaction with Jones or her husband.

Wells Fargo filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), attaching the purchase agreement for the Residence that was signed by Jones's ex-husband and a representative of Wells Fargo. The agreement included a waiver stating that the buyer purchased the Residence

No. 15-30031

in an as-is condition without representations or warranties of any kind (the "As-Is Waiver"). The agreement also included a disclosure and waiver related to mold (the "Mold Waiver"), which read as follows:

> Buyer is hereby advised that mold and/or other microscopic organisms may exist at the property known as 1425 MAGNOLIA RIDGE, BOSSIER CITY, LA, 71112. . . . Buyer acknowledges and agrees to accept full responsibility/risk for any matters that may result from microscopic organisms and/or mold and to hold harmless, release, and indemnify Seller and Seller's managing agents from any liability/recourse/damages (financial or otherwise). Buyer understands that Seller has taken no action to remediate mold. . . . The purpose of this disclaimer is to put Buyers on notice to conduct their own due diligence regarding this matter using appropriate, qualified experts. . . .

The district court granted Wells Fargo's motion to dismiss primarily on the basis that the Mold Waiver negated any allegation that Wells Fargo failed to disclose the presence of mold or that Jones relied on an understanding that the Residence did not contain mold.

Thereafter, Cox filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The district court granted the motion for the same reasons it dismissed the claims against Wells Fargo.

The district court entered final judgment, and Jones timely appealed.

## II. Discussion

### A. Wells Fargo's Motion to Dismiss

We review de novo the district court's ruling on a motion to dismiss for failure to state a claim. *Highland Capital Mgmt., L.P. v. Bank of Am., N.A.*, 698 F.3d 202, 205 (5th Cir. 2012). In doing so, we accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Id.* "[A] pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief," which need not include

4

No. 15-30031

"detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations and internal quotation marks omitted). A plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint is insufficient if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### 1. Redhibition

Under Louisiana law, a "seller warrants the buyer against redhibitory defects, or vices, in the thing sold." LA. CIV. CODE art. 2520. A defect is redhibitory when either "it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect" or "it diminishes [the thing's] usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price." *Id.* "A seller who knows that the thing he sells has a defect but omits to declare it . . . is liable to the buyer . . . ." LA. CIV. CODE art. 2545.

Defects that a buyer knew of or that were apparent are excluded from the warranty of redhibition. *See* LA. CIV. CODE. art. 2521; *Amend v. McCabe*, 664 So. 2d 1183, 1188 (La. 1995). A defect is apparent if "a reasonably prudent buyer, acting under similar circumstances, would discover it through a simple inspection of the property." *Amend*, 664 So. 2d at 1188. When a defect "is concealed within [a] home's structure (e.g., walls and floors) it is considered unapparent because it is not discoverable by a simple inspection." *Id.*; *see also Jessup v. Ketchings*, 482 F.3d 336, 345 (5th Cir. 2007) (citing *Amend*, 664 So.

5

No. 15-30031

2d at 1188); *McGough v. Oakwood Mobile Homes, Inc.*, 779 So. 2d 793, 801 (La. App. 2 Cir. 2000) ("The buyer is under no obligation . . . to inspect with expertise or to deface the thing purchased while inspecting it.").

Jones's complaint contains factual allegations that the home she purchased from Wells Fargo had a redhibitory defect as defined in LA. CIV. CODE art. 2520: it states that at the time of purchase, the Residence had mold growth so extensive that it caused her family illness and would require extensive remediation efforts, as well as that this defect diminished the Residence's usefulness or value to the extent that Jones would only have purchased it at a much lower price. The complaint contains factual allegations that, at the time of purchase, Jones did not know of the defect, nor was the defect apparent since the mold growth was in the wall cavities and there had been active attempts to conceal the mold growth. *See Jessup*, 482 F.3d at 345 (citing *Amend*, 664 So. 2d at 1188). The complaint also contains factual allegations that Wells Fargo is liable for the redhibitory defect because it knew of the defect but omitted to declare it: (1) Wells Fargo had full knowledge of the mold growth and was provided two mold remediation plans for the property; and (2) Wells Fargo actively concealed the mold growth and did not disclose the mold growth. *See* LA. CIV. CODE art. 2545.

Based on these factual allegations, we hold that Jones's complaint states a claim for redhibition "that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

<u>2. Fraud</u>

Under Louisiana law, "[f]raud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." LA. CIV. CODE art. 1953. The elements of an action

No. 15-30031

for fraud are: "(1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract." *Shelton v. Standard/700 Assocs.*, 798 So. 2d 60, 64 (La. 2001). Similar to redhibition, fraud is not actionable "when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill." LA. CIV. CODE art. 1954.

Jones's complaint contains factual allegations that at the time of the sale, Wells Fargo knew of a defect and omitted and suppressed information of that defect, thus satisfying the first element of fraud: (1) it states that Wells Fargo was made fully aware of the mold growth; and (2) it states that Wells Fargo actively concealed the mold growth and did not disclose the mold growth. As to the second element, the complaint alleges that Wells Fargo acted with the intent to obtain an unjust advantage. This allegation is supported by the fact that Wells Fargo was provided with two remediation plans for the mold growth, but instead of remediating the mold growth as stated in those plans, Wells Fargo performed cosmetic work to conceal the mold so that the Residence could be sold without a buyer discovering the mold. As to the third element, the complaint contains allegations that Jones purchased the Residence under the mistaken belief that the Residence "did not have any mold-related issues," and that, if she had known of the extensive mold growth, she would have only purchased the Residence at a much lower price. *See Sun Drilling Prods. Corp. v. Rayborn*, 798 So. 2d 1141, 1153 (La. App. 4 Cir. 2001) (explaining that the third element requires the plaintiff to "at least be able to say that had he known the truth, he would not have acted as he did to his detriment"). Finally, the facts in the complaint demonstrate that Jones could not "have ascertained

7

No. 15-30031

the truth without difficulty, inconvenience, or special skill" because the mold was within the walls and had been actively concealed by Wells Fargo. LA. CIV. CODE art. 1954.

Accordingly, the complaint contains "sufficient factual matter, accepted as true, to state a claim" for fraud "that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

### 3.  The As-Is and Mold Waivers

Wells Fargo contends that the As-Is and Mold Waivers attached to its motion to dismiss demonstrate that Jones failed to state claims for redhibition and fraud.  The district court agreed with Wells Fargo and dismissed Jones's claims on this basis.

On appeal, Jones argues that it was error for the district court, in deciding a motion to dismiss pursuant to Rule 12(b)(6), to go beyond her complaint and consider these documents.  In deciding a motion to dismiss under Rule 12(b)(6), a court generally may only consider those documents that are part of the pleadings. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  Wells Fargo argues that the district court properly considered the As-Is and Mold Waivers pursuant to this rule because the documents were part of the contract to purchase the Residence and are central to Jones's claim.  However, these documents are not explicitly referred to in Jones's complaint and her claims of redhibition and fraud do not directly reference the contract to purchase the Residence.

We find it unnecessary to resolve whether the district court properly considered the waivers because, if the facts as alleged by Jones are ultimately

No. 15-30031

proven, the waivers do not negate Jones's claims under Louisiana law.[1] Accordingly, we pretermit this issue and hold that Jones stated plausible claims of redhibition and fraud. *See Iqbal*, 556 U.S. at 678.

First, the Mold Waiver states only that mold "*may* exist at the property." This acknowledgement of the *possibility* of mold does not disclose the true nature of the defect as Jones alleges it was known by Wells Fargo—that extensive mold growth *did* exist at the property. *See Frey v. Walker*, 807 So. 2d 887, 891–92 (La. App. 5 Cir. 2001) (concluding that partial disclosures were inadequate to disclose the full nature of defects); *cf. Jessup*, 482 F.3d at 345 (holding that a disclosure that the property "had termites" and that "[v]isible evidence of wood destroying insects was observed" was sufficient to make the presence of termite damage apparent).

Second, it is well-settled under Louisiana law that a seller may not fail to disclose a defect or actively conceal it and then employ a waiver to contract out of its obligation to disclose that defect. *See Shelton*, 798 So. 2d at 64 (explaining that "fraud in the inducement of a contract cannot be waived," and that "although the warranty against redhibitory defects may be excluded or limited, a seller cannot contract against his own fraud and relieve himself of liability to fraudulently induced buyers"); *Schmuck v. Menees*, 131 So. 3d 277, 281 (La. App. 5 Cir. 2013) ("[A] seller with knowledge of a redhibitory defect, who, rather than informing the buyer of the defect opts to obtain a waiver of the warranty implied by law, commits fraud, which vitiates the waiver because it is not made in good faith." (citation and internal quotation marks omitted)).

---

[1] Jones also argues that the district court erred by granting a motion to dismiss under Rule 12(b)(6) based on a weighing of the evidence. We need not address this argument because, in conducting a de novo review, we conclude that Jones's complaint states a claim upon which relief can be granted.

9

No. 15-30031

Jones's complaint contains factual allegations that Wells Fargo was fully aware of the mold growth in the Residence, took steps to actively conceal the mold growth, and then failed to disclose that information and those efforts. Under these facts, the As-Is and Mold Waivers are unenforceable and ineffectual to preclude Jones's redhibition and fraud claims. *See Shelton*, 798 So. 2d at 64; *Frey*, 807 So. 2d at 893. Accordingly, we REVERSE the judgment of dismissal granted in favor of Wells Fargo and REMAND for further proceedings consistent herewith.

## B. Cox's Motion for Summary Judgment

We review the district court's grant of summary judgment de novo, construing all facts and inferences in the light most favorable to the nonmoving party. *See Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). We may affirm the district court's grant of summary judgment on any ground supported by the record and presented to the district court. *Id.* Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Cox moved for summary judgment on multiple grounds. Among other things, it argued that Jones could not maintain claims for fraud or redhibition against Cox based on the following evidence: (1) Cox was hired by Wells Fargo to perform work on the Residence when Wells Fargo owned the Residence; (2) Cox was not the seller of the Residence and was not party to the transaction by which Wells Fargo sold the Residence to Jones; (3) Cox did not enter into any agreement or transaction with Jones or her husband; and (4) Cox had no communication or interaction with Jones or her husband.

Jones did not dispute these facts and she did not offer evidence in response to Cox's motion for summary judgment. Indeed, in her "Statement of Contested Material Facts," Jones admitted most of these facts. There is thus

10

no dispute of material fact.  In light of the elements of fraud and redhibition as delineated above, we hold that Cox was entitled to judgment as a matter of law.  Jones may not maintain a redhibition claim against Cox because the evidence makes clear that Cox was not the seller of the Residence and was not involved in the transaction at issue.  *See* LA. CIV. CODE art. 2520 ("The seller warrants the buyer against redhibitory defects, or vices, in the thing sold."); *Duplechin v. Adams*, 665 So. 2d 80, 84 (La. App. 1 Cir. 1995) ("The redhibitory action is between seller and buyer, and without such a relationship, the action cannot be maintained.").  Likewise, Jones cannot maintain a fraud claim against Cox because there is no evidence that Cox made a misrepresentation, suppression, or omission with an intent to defraud: the evidence demonstrates Cox was not a party to the transaction at issue, did not otherwise interact or communicate with Jones, and performed the work for the owner of the Residence at the time, Wells Fargo.  *See Shelton*, 798 So. 2d at 64.  Accordingly, summary judgment was properly granted in favor of Cox.

We  AFFIRM the district court's judgment as to Cox; we REVERSE and REMAND the judgment as to Wells Fargo.