864 So.2d 708 (2003)
Dwanne KENT, et al.
v.
Lester EPHERSON, Jr., Husband of/and Muriel Glass Epherson, et al.
No. 03-CA-755.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 2003.
*710 Willie M. Zanders, Sr., New Orleans, LA, Lee V. Faulkner, Jr., Co-Counsel, Gretna, LA, Clarence J. Roby, Jr., Co-Counsel New Orleans, LA, for Plaintiffs-Appellants.
Jacqueline G. Griffith, Charles O. Taylor, Carl L. Aspelund, Griffith, Battard & Taylor, New Orleans, LA, for Defendant-Appellee, Parish of Jefferson.
John David Ziober Kennon, Odom & Dardenne, Baton Rouge, LA, and Regina H. Bartholomew, New Orleans, LA, for Defendant-Appellee, Housing Authority of Jefferson Parish.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Appellants appeal from the trial court's judgment which granted defendants' peremptory exceptions of no cause of action. For the following reasons, the judgment of the trial court is affirmed.

FACTS AND PROCEDURAL HISTORY
Following an act of arson at an apartment complex that took the lives four individuals, plaintiffs/appellants Dwanne Kent, Keith Ester, and Anika Murph ("plaintiffs"), filed suit against several defendants, including the Parish of Jefferson ("the Parish"), and the Housing Authority of Jefferson Parish ("HAJP").
HAJP filed a peremptory exception of no cause of action on August 20, 2002 that was later adopted by the Parish of Jefferson on September 27, 2002. As a basis for their exceptions, both HAJP and the Parish asserted that, pursuant to 24 C.F.R. Section 982.4006, plaintiffs did not have a private cause of action against them for an alleged failure to comply with requirements of Section 8 housing quality standards. HAJP and the Parish also argued that the plaintiffs were not entitled to claim exemplary damages.
The hearing on these exceptions was held on January 17, 2003, after which the trial court granted both the HAJP's and the Parish's exception of no cause of action, and further dismissed all of plaintiffs' claims against them with prejudice. Plaintiffs timely filed the present appeal.

LAW AND ANALYSIS
In their first assignment of error, plaintiffs assert that the trial court erred in granting HAJP and the Parish's exception of no cause of action and in specifically finding that they could not bring a private action against HAJP and the Parish for failure to enforce housing quality standards requirements.
As the Louisiana Supreme Court noted in City of New Orleans v. Board of Directors of Louisiana State Museum:[1]:
The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. The public policy behind the burden is to afford the party his day in *711 court to present his evidence. The exception is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff.
A court of appeal reviews de novo a lower court's ruling sustaining an exception of no cause of action because the exception raises a question of law and because the lower court's decision is generally based only on the sufficiency of the petition. The question is whether, in the light most favorable to the plaintiff, the petition states any valid cause of action for relief.
When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Any doubts are resolved in favor of the sufficiency of the petition.[2]
In this case, the leased premises where the fire occurred was a government-subsidized rental property known as "Section 8" housing. As such, plaintiffs allege that it was the responsibility of HAJP and the Parish to "ensure that all units in the Section 8 Rental Certificate Program and the rental Voucher Program met the housing quality standards." Plaintiffs asserted in their petition that HAJP and the Parish failed to inspect the housing at issue to certify that it met housing standards. On appeal, plaintiffs specifically refer to the fact that in the unit where the fire occurred there were no fire exits, stairs, or ladders on either the second or third floors to facilitate escape in the event of an emergency. Additionally, plaintiffs alleged in their petition "Other violations of federal, parish, or state laws policies or procedures that will be specified in due course."
The "Section 8 Tenant Based Assistance" program's inspection and maintenance standards, as well as its housing quality standards ("HQS"), are governed by the Code of Federal Regulations, Title 24, Section 982.1 et seq. 24 C.F.R. Section 982.406 provides:
Part 982 does not create any right of the family, or any party other than HUD of the PHA, to require enforcement of the HQS requirements by HUD or the PHA, or to assert any claim against HUD or the PHA, for damages, injunction or other relief, for alleged failure to enforce the HQS.[3]
In Section 8(B) of their petition, plaintiffs alleged the following acts of negligence against HAJP and the Parish:
(1) Failure to "ensure that all units in the Section 8 Rental Certificate Program and the Rental Voucher Program met the housing quality standards."
(2) Failure to properly "inspect the housing unit at 1161 Tallow Tree Lane in response to Request for Lease Approval and failure to inform potential tenant and owner of results and necessary actions."
(3) Failure to encourage tenants and owners to maintain units up to standards.
(4) Failure to "make annual inspection of the unit to ensure that it still meets the housing quality standards. Inform [sic] the tenant and owner of *712 the results, necessary actions and time period for compliance."
(5) Other violations of federal, parish or state laws, policies or procedures that will be specified in due course.
Additionally, in Section 9 of their petition entitled "Other Claims," the plaintiffs alleged:
"The Ephersons, as property owners, and Parish officials who approved the property for plaintiffs are liable under La. Civil Code Articles 2315, 2316, 2317 et seq; La. C.C. Article 2695, et seq. and other state and federal laws pertaining to federally funded housing."
On appeal, plaintiffs assert that the foregoing allegations pled in the petition constitute several causes of action, aside from the claims that may be based on federal housing standards. Plaintiffs further assert on appeal that, "The federal housing standards referred to serve as collateral evidence for state-created contractual obligations."
After a review of the record, we find, pursuant to 24 C.F.R. Section 982.406, that Section 8(B) of the plaintiffs' petition, paragraphs one through four, as well as any claims that may be based upon federal laws that pertain to federally funded housing, clearly base a cause of action on the enforcement of housing quality standards. Accordingly, we find that the trial court did not err in finding that the plaintiffs did not have a cause of action against HAJP and the Parish on these grounds.
We next consider plaintiffs' argument that they have sufficiently stated other causes of action against HAJP and the Parish to the extent that the exception of no cause of action should have been denied.
In Fitzgerald v. Tucker,[4] the Louisiana Supreme Court explained:
Our code of civil procedure sets forth a system of fact pleading. Cox v. W.M. Heroman & Co., 298 So.2d 848, 855 (La. 1974). Article 854 provides that "all allegations of fact of the petition ... shall be set forth in numbered paragraphs." The Code further provides that a petition must contain "a short, clear, and concise statement of ... the material facts of, the transaction or occurrence that is the subject matter of the litigation...." La.C.Civ.Pro. art. 891(A). To plead "material facts," the petitioner must allege more than mixed questions of law and fact, such as that the defendant breached the contract or acted unreasonably. FRANK L. MARAIST & HARRY T. LEMMON, 1 LOUISIANA CIVIL LAW TREATISE CIVIL PROCEDURE § 6.3 at 102 (1999). Rather, "[t]he Code requires the pleader to state what act or omission he or she will establish at trial." Id. (footnote omitted).
Fact pleading advances several goals of the petition, such as satisfying the defendant's constitutional guarantee of due process by providing the defendant with fair notice, limiting the issues before the court, and notifying the defendant of the facts upon which the plaintiff bases his claims. See Id. at 101.
In Montalvo v. Sondes,[5] the Louisiana Supreme Court further noted:
Mere conclusions of the pleader that are unsupported by facts do not set forth a cause of action, since Louisiana retains a system of fact pleading.
In this case, after a review of the record, we find the remainder of plaintiffs' claims listed in their petition, specifically paragraphs *713 five of Section 8(B) and section nine, do not set forth sufficient facts to constitute causes of action against the HAJP and the Parish. Accordingly, we find no error in the trial court's action in granting the exception of no cause of action in regard to those claims as well.
Next, plaintiffs assert that the trial court erred in not allowing them to amend their petition after the court dismissed their claims against HAJP and the Parish.
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.[6] Even if a petition fails to state a cause of action, or if under the allegations, the party asserting the action lacks the procedural capacity to assert it, if the grounds of the objection can be removed by amendment, the plaintiff should be allowed to amend his demand.[7] Where amendment would be a vain and useless act, however, amendment of the petition is not required prior to dismissal of the action.[8] The decision to allow amendment is within the sound discretion of the trial court.[9]
In this case, we note that plaintiffs have failed to allege any grounds which would cure the defect in their petition. The HAJP and the Parish are not owners of the property where the fire occurred, and their only connection to the premises was in the role as administrator for the Section 8 housing program. As previously discussed, there can be no action for damages against either the HAJP or the Parish in this regard. Therefore, a remand to allow plaintiffs to amend would be useless, and we find that the trial court did not abuse its discretion in dismissing plaintiffs' claims without allowing plaintiffs an opportunity to amend their petition.
Plaintiffs further argue that the trial court erred in finding that they could not seek punitive damages from Jefferson Parish. However, in light of our finding that the claims against the Parish was properly dismissed, we need not consider this assignment of error.
For the foregoing reasons, the judgment of the trial court, dismissing the claims against the HAJP and the Parish with prejudice, is affirmed.
AFFIRMED.
NOTES
[1] 98-1170 (La.3/2/99), 739 So.2d 748.
[2] McElwee v. State Through the Department of Transportation and Development, 98-0223 (La. App. 1 Cir. 2/19/99), 729 So.2d 695.
[3] Pursuant to 24 C.F.R. Section 982.4, both HAJP and the Parish meet qualifications as a "Public Housing Authority" or "PHA."
[4] 98-2313 (La.6/29/99), 737 So.2d 706, 713.
[5] 93-2813 (La.5/23/94), 637 So.2d 127.
[6] LSA-C.C.P. art. 934.
[7] Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010 (La.App. 1st Cir.3/27/97), 691 So.2d 751; writ denied, 97-1066 (La.6/13/97), 695 So.2d 982.
[8] Suttles v. Gibson, 422 So.2d 1308, 1309 (La.App. 5 Cir. 1982).
[9] Byers v. Edmondson, 97-0831, (La.App. 1st Cir.5/15/98), 712 So.2d 681; writ denied, 98-1596 (La.10/9/98), 726 So.2d 29; cert. denied, 526 U.S. 1005, 119 S.Ct. 1143, 143 L.Ed.2d 210 (1999).