MARC E. JOHNSON, Judge.
hThis appeal arises from the sustaining of peremptory exceptions of no right of action and no cause of action against Appellant/Plaintiff, Alan Whitesides, and in favor of Defendant, Wellington Specialty Insurance Company (‘Wellington”), in the 24th Judicial District Court, Division “B”. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Mr. Whitesides formed Show-Me Construction, L.L.C. (“Show-Me”) for the purpose of doing business repairing and renovating Hurricane Katrina damaged homes in the New Orleans area, which included the repair and replacement of roofs. In April 2006, Show-Me was engaged in repairing the damaged home located at 4644-4646 Fairfield Drive in Metairie, Louisiana. Show-Me hired a subcontractor, Braulio Estrella d/b/a Star Professional Roofing to assist in the repair of the roof. On April 21, 2006, a rainstorm moved into the area of the damaged home, and the property and contents were damaged as a result of the storm.
The owners of the damaged home made a claim against Show-Me for repair of the damages caused by the rainstorm. Show-Me allegedly voluntarily paid for the damages itself and sought reimbursement from Wellington, which was Show-jMe’s3 insurance provider. In a letter dated May 30, *1158 2006, Wellington denied Show-Me’s claim for payment on the basis of the open roof property damage exclusion in the policy.
On April 20, 2007, Show-Me filed a petition for damages, breach of contract and breach of fiduciary duty against Wellington, Waguespack & Associates Insurance Agency, Inc., and Star Professional. Show-Me did not timely request service upon Wellington and Waguespack. As a result, the trial court rendered a judgment dismissing Show-Me’s claims against Wellington and Waguespack without prejudice on January 2, 2009.
On May 11, 2007, Show-Me filed an affidavit of dissolution to cease the existence of the limited liability company.
On January 15, 2009, Show-Me filed a second petition for damages against Wellington seeking damages associated with payment for the damaged residence. On May 3, 2010, Show-Me filed its first supplemental and amending petition adding Mr. Whitesides as a plaintiff, in which he asserted claims as an insured under the policy.
On July 8, 2010, Wellington filed declina-tory exceptions of lis -pendens and/or res judicata and peremptory exceptions of no right of action and no cause of action. The trial court sustained the exceptions of lis pendens and res judicata against Show-Me and dismissed its claim with prejudice. The trial court also sustained the exceptions of no right of action and no cause of action against Mr. Whitesides with prejudice. The instant appeal by Mr. White-sides followed.
ASSIGNMENTS OF ERROR
On appeal, Mr. Whitesides alleges the trial court erred in 1) sustaining the peremptory exception of no right of action and dismissing his claim, 2) sustaining the peremptory exception of no cause of action, and 3) sustaining the peremptory [.¡exception of no cause of action without giving him an opportunity to amend his petition.
LAW AND ANALYSIS

No Right of Action

In his very brief argument, Mr. White-sides alleges the trial court erred in sustaining Wellington’s exception of no right of action because he was insured by Wellington under Show-Me’s insurance policy as the sole member and manager. As such, Mr. Whitesides argues that he asserted claims in his own name as an insured who was owed a defense against and coverage for the underlying property damage claims by Wellington.
An action can only be brought by a person having a real and actual interest which he asserts. LSA-C.C.P. art. 681. The peremptory exception of no right of action tests whether the individual bringing an action has the capacity or legal interest in judicially enforcing the right asserted. LSA-C.C.P. art. 927 A(5). A party has an actionable right, and consequently standing, if it can be said that the party has a legally protectable and tangible stake in the litigation. First Bank and Trust v. Duwell, 10-481 (La.App. 5 Cir. 12/14/10); 57 So.3d 1076, 1078, writ denied, 10-2826 (La.2/11/11); 56 So.3d 1005. An appellate court reviews an exception of no right of action de novo. Id.
In the supplemental and amending petition filed by Show-Me, Mr. White-sides was added as a plaintiff. Additionally, the amending petition added the allegations that 1) Wellington issued a policy of liability insurance covering Show-Me and Mr. Whitesides; 2) Show-Me and Mr. Whitesides inured the benefit of Star Professional’s policy with Western Heritage Insurance Company and added it as a defendant; and 3) Wellington was justly indebted to Show-Me and Mr. Whitesides *1159 jointly, severally and in solido, for all damages incurred. No other allegations |fiwere made on behalf of Mr. Whitesides.
From a plain reading of the supplemental and amending petition, Mr. Whitesides does not assert a right of action against Wellington. There is no assertion that Mr. Whitesides personally incurred any damages that would give him a real and actual interest in the action. All of the allegations in the petition and supplemental and amending petition assert that Show-Me, not Mr. Whitesides, incurred damages for a breach of the policy by Wellington.
Additionally, Mr. Whitesides did not have the capacity to personally file an action against Wellington under Show-Me’s policy. Under “SECTION II — WHO IS AN INSURED” of the policy, subsections “l.a” and “l.c” provide that sole owners and members of the limited liability company are insured only with respect to the conduct of the business. “A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person’s rights against or liability to the limited liability company.” LSA-R.S. 12:1320(C). Thus, pursuant to the law and the language of the policy, Mr. Whitesides, as the sole member, could not file an action against Wellington to enforce Show-Me’s policy. Prior to the filing of the second petition for damages in 2009, Show-Me had filed an affidavit to dissolve the limited liability company in 2007. Since Show-Me ceased to exist prior to the filing of the petition, Mr. Whitesides lacked the procedural capacity to file an action against Wellington either on behalf of Show-Me as the sole owner or as the sole member.
As such, we do not find the trial court erred in sustaining the peremptory exception of no right of action against Mr. Whitesides.
|fiWo Cause of Action[1]
Mr. Whitesides alleges the trial court erred in sustaining Wellington’s peremptory exception of no cause of action because the face of the petition alleges: 1) Mr. Whitesides was insured by Wellington; 2) Wellington breached its obligation to him; and 3) he was damaged as a result of the breach. In the alternative, Mr. Whitesides alleges that, even if the petition required further amendment, the trial court erred by not allowing such an amendment before dismissing the action.
A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. DiLeo v. Hansen, 09-974 (La.App. 5 Cir. 6/29/10); 45 So.3d 1120, 1122-1123. The function of the exception of no cause is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. No evidence may be introduced to support or controvert the exception raising the objection of no cause of action, LSA-C.C.P. art. 931, and for the purpose of determining the issues raised by the exception, all facts pleaded in the petition must be accepted as true. Id. In reviewing a trial court’s ruling on a peremptory exception of no cause of action, the appellate court should conduct a de novo review because the exception raises a question of law, and the trial court’s decision is based only on the sufficiency of the petition. Id.
In the instant matter, we agree with the trial court that Mr. Whitesides failed to assert a cause of action that personally *1160 afforded him a remedy. Mr. Whitesides sued Wellington as an insured in the capacity of the sole member of Show-Me. There was no allegation asserted that Mr. Whitesides was damaged by any acts or omissions of Wellington. As a result, Mr. Whitesides did not assert a basis for 17which he personally had a cause of action.
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. Kent v. Epherson, 03-755 (La.App. 5 Cir. 12/9/03); 864 So.2d 708. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed. Id. Even if a petition fails to state a cause of action, or if under the allegations, the party asserts ing the action lacks the procedural capacity to assert it, if the grounds of the objection can be removed by amendment, the plaintiff should be allowed to amend his demand. Id. Where amendment would be a vain and useless act, however, amendment of the petition is not required prior to dismissal of the action. The decision to allow amendment is within the sound discretion of the trial court. Id.
Here, it would have been a vain and useless act to allow Mr. Whitesides to amend his petition. Even if Mr. White-sides had been given the opportunity to amend his petition to state a cause of action, the defect that he lacked the procedural capacity to assert the claim would still remain. Therefore, we do not find the trial court erred in dismissing the Mr. Whitesides’ action without allowing an amendment to the petition.
DECREE
For the foregoing reasons, the exceptions of no right of action and no cause of action filed by Wellington Specialty Insurance Company are sustained. Alan White-sides’ petition for damages is dismissed with prejudice. Mr. Whitesides is to bear the costs of this appeal.

AFFIRMED

. Assignment of error numbers two and three are being discussed jointly.