JOHNSON, J.
Plaintiffs/Appellants, Craig Mollere and Libby Mollere Englade, appeal the sustaining of an exception of no right of action that dismissed their action in favor of Defendant/Appellee, Keven P. Mollere,[1] *1273 individually and in his capacity as executor of the Succession of Earline Weber Mollere and as president and sole shareholder of Mollere Furniture and Appliances, Inc., and Mollere Furniture and Appliances, Inc. (hereinafter referred to as "Mollere Furniture") from the 40th Judicial District Court, Division "C". For the following reasons, we overrule the exception of prescription raised by Keven in this appeal and affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
The facts pertinent to this appeal are as follows.
On November 6, 1980, Articles of Incorporation (hereinafter referred to as "the Articles") for Mollere Furniture were executed and adopted by Wilbert J. Mollere, Earline W. Mollere and Keven Mollere.[2] Among the provisions set forth in the Articles was Article IX, which provided that in the event Wilbert predeceased Earline, Mollere Furniture would provide full maintenance, support and medical care for Earline until her death.[3]
Wilbert died on April 27, 2003. Following Wilbert's death, Keven became the president of Mollere Furniture. In a judgment of possession rendered on September 25, 2003, Earline was awarded all of the community property that existed between her and Wilbert as the surviving spouse and the universal legatee of Wilbert. On October 21, 2015, Earline passed away. Keven was confirmed as the independent executor of Earline's succession on March 1, 2016.
On August 23, 2016, Plaintiffs filed a "Petition for Damages Caused by Breach of Fiduciary Duty and Breach of Contract" against Keven, individually and in his capacity as independent executor and as president and sole shareholder of Mollere Furniture. In their petition, Plaintiffs alleged Keven had been granted power of attorney by Earline to handle her affairs, and as power of attorney, Keven breached his fiduciary duty to Earline by failing to demand and seek enforcement of the maintenance and support provision of Article IX. Plaintiffs further alleged that Keven, as president and controlling officer in charge of the operations of Mollere Furniture, failed to take any steps to ensure that Mollere Furniture fulfilled its obligations to Earline under the maintenance and support provision of Mollere Furniture's Article of Incorporation. As a result of the breaches of fiduciary duties, Plaintiffs alleged that Keven's actions caused damage and diminution to the patrimony of Earline because she was forced to expend sums of her own money to provide for her own maintenance, support and medical care following the death of Wilbert.
After filing an Answer that denied the allegations of the petition, Keven filed "Peremptory Exceptions for No Cause of Action and No Right of Action" on December 8, 2016. In his exceptions, Keven asserted Plaintiffs had no cause of action because no power of attorney ever existed for Earline, and the succession of Earline had no legal basis for maintenance and support of Earline, since those obligations would not be required after Earline passed away. Keven further asserted Plaintiffs had no right of action because they had no right to challenge the legacy left to them in Earline's will, as Earline could have *1274 disposed of any and all of her personal property without the consent of any party.
A hearing on Keven's exceptions was held on February 9, 2017. During the hearing, the trial court overruled Keven's exception of no cause of action and took the no right of action under advisement. In a judgment rendered on February 16, 2017, the trial court sustained Keven's peremptory exception of no right of action and dismissed Plaintiffs' petition against Keven in each of his capacities with prejudice. In its reasons for judgment, the trial court found that the maintenance and care provision of Article IX of Mollere Furniture's Articles of Incorporation was a contract for the exclusive benefit of Earline, and the article was a strictly personal obligation between Mollere Furniture and Earline. "As legatees of Earline Weber Mollere," without mentioning their rights in other capacities, the trial court held that Plaintiffs lacked the right to pursue their causes of action. The instant appeal of that judgment followed.
PEREMPTORY EXCEPTION OF PRESCRIPTION
Keven Mollere has raised an exception of prescription in this appeal. He argues that Plaintiffs' breach of contract claim is prescribed, as any breach of the provisions in the Articles of Incorporation for Mollere Furniture would have began to run in April of 2003. Keven claims that a timely cause of action for the breach of contract claim would have had to be brought by Plaintiffs before April 27, 2013. Additionally, he argues that Plaintiffs' breach of fiduciary duty claim is also prescribed because it is a personal action with a ten-year prescriptive period, which also began in April of 2003. As a result, Keven contends the instant appeal should be dismissed with prejudice by sustaining the exception of prescription.
"Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." La. C.C. art. 3499.
In this matter, the obligation to Earline arises from Mollere Furniture's Articles of Incorporation, Article IX, which stated that Mollere Furniture would provide for Earline's full maintenance, support and medical care until her death, in the event Wilber predeceased her. Although Wilbert Mollere's death in 2003 commenced the start of Mollere's Furniture's obligation to Mrs. Mollere, the ongoing obligation did not cease until Earline's death, which means that it could have been enforced from any point after Wilbert's death until Earline's death on October 21, 2015. Thus, the prescriptive periods for the breach of fiduciary duty and breach of contract actions, if heritable, would lapse ten years from the October 21, 2015 date of Earline's death.
Because the breach of fiduciary duty and breach of contract actions are not prescribed on the face of the petition, we overrule Keven's exception of prescription.
ASSIGNMENT OF ERROR
On appeal, Plaintiffs' sole assignment of error alleges the trial court erred in determining they do not fall within the class of persons to whom the law provides a remedy for their causes of action, sustaining Keven Mollere's peremptory exception of no right of action, and dismissing their actions against Keven with prejudice.
LAW AND ANALYSIS
Plaintiffs allege the trial court erred in finding they do not belong to the class of persons afforded a remedy for their breach of fiduciary duty and breach of contract causes of action against Keven Mollere. Plaintiffs argue the trial court only addressed whether they, as the heirs *1275 of Earline Weber Mollere, could bring a breach of contract claim and failed to determine whether they could bring the breach of fiduciary duty claim against Keven. Plaintiffs contend Keven's duties as the power of attorney for Earline and the independent executor for the succession conflicted with his positions as the president and sole shareholder of Mollere Furniture, and the conflicts, breaches of his fiduciary duties and inaction caused diminution and damage to the patrimony of Earline. They specifically contend that Earline's support, maintenance and medical care came out of her own personal funds, instead of the funds allocated to her through the Articles of Incorporation for Mollere Furniture, and Keven owed a duty to ensure that the provision of the contract was enforced against Mollere Furniture. Plaintiffs further argue that, as heirs of a succession who had their interests diminished due to an executor failing to pursue claims on behalf of Earline, they completely fall within the class of persons to whom the law provides a remedy for their causes of action.
Keven maintains the trial court did not err in sustaining his exception of no right of action because Plaintiffs have no direct interest in the diminution of the patrimony prior to the death of Earline, as Earline was entitled to use the entirety of her funds prior to her death without any restrictions. Furthermore, Keven asserts that there was no agency between himself and Earline because he did not have a power of attorney for Earline, and his ability to draft or sign checks on a joint account with Earline and Libby did not require a power of attorney.
An action can only be brought by a person having a real and actual interest which he asserts. Show-Me Constr., LLC v. Wellington Specialty Ins. Co. , 11-528 (La. App. 5 Cir. 12/29/11), 83 So.3d 1156, 1158, citing La. C.C.P. art. 681. The peremptory exception of no right of action tests whether the individual bringing an action has the capacity or legal interest in judicially enforcing the right asserted. Id. , citing La. C.C.P. art. 927A(5). A party has an actionable right, and consequently standing, if it can be said that the party has a legally protectable and tangible stake in the litigation. Id. , citing First Bank and Trust v. Duwell , 10-481 (La. App. 5 Cir. 12/14/10), 57 So.3d 1076, 1078. An appellate court reviews an exception of no right of action de novo . Id. An appellate court review of an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. Eagle Pipe & Supply, Inc. v. Amerada Hess Corp. , 10-2267 (La. 10/25/11), 79 So.3d 246, 256, rehearing denied , (La. 1/13/12).
Breach of contract claims are personal actions. Hotard's Plumbing, Elec., Heating & Air, Inc. v. Monarch Homes, LLC , 15-180 (La. App. 5 Cir. 3/16/16), 188 So.3d 391, 394. Actions based on breaches of fiduciary duties constitute personal actions. Spruiell v. Ludwig , 568 So.2d 133, 138 (La. App. 5th Cir. 1990).
An action does not abate on the death of a party, except for an action to enforce a right or obligation which is strictly personal. La. C.C.P. art. 428. An obligation is strictly personal when its performance can be enforced only by the obligee, or only against the obligor. La. C.C. art. 1766. When the performance is intended for the benefit of the obligee exclusively, the obligation is strictly personal on the part of that obligee. Id. The legal right that a person has against another person to demand the performance of an obligation is called a personal right.
*1276 Eagle Pipe & Supply, Inc. , 79 So.3d at 261. A personal right is effective only between the parties, as contrasted with a real right, which can be asserted against the world. Lomark v. LavigneBaker Petroleum, LLC , 12-389 (La. App. 5 Cir. 2/21/13), 110 So.3d 1107, 1111, writ denied , 13-654 (La. 4/26/13), 112 So.3d 848.
Here, Plaintiffs' breach of fiduciary duty and breach of contract claims arise from Mollere Furniture's Articles of Incorporation, Article IX, which provided, "In the event that Wilbert J. Mollere would predecease Earline W. Mollere, the corporation shall provide for Earline W. Mollere, full maintenance, support and medical care until her death." A plain reading of that language clearly provides that Mollere Furniture owed an obligation intended only for Earline while she was alive; thus, without being declared incapacitated,[4] Earline was the only person who could enforce the obligation and demand its performance. The language of the provision created a strictly personal obligation from Mollere Furniture to Earline, and the obligation to provide full maintenance, support and medical care to Earline until her death was not heritable by Plaintiffs through the succession.
Therefore, upon de novo review, we conclude that Plaintiffs, in their capacities as legatees, are not included as members of the class of persons that have a legal interest in the breach of contract or breach of fiduciary duty actions, as both actions were strictly personal actions belonging to Earline against Mollere Furniture. Accordingly, we find the trial court properly sustained Keven's exception of no right of action.
DECREE
For the foregoing reasons, we overrule Keven Mollere's exception of prescription. Additionally, we affirm the trial court's judgment that sustained Keven Mollere's peremptory exception of no right of action and dismissed Plaintiffs' actions for breach of fiduciary duty and breach of contract with prejudice. Plaintiffs are assessed the costs of this appeal.
EXCEPTION OF PRESCRIPTION OVERRULED; AFFIRMED

Although the caption of this case lists "Kevin P. Mollere," the correct spelling is "Keven P. Mollere."

Wilbert was the president of Mollere Furniture, while Keven was the vice president and Earline was secretary and treasurer.

Wilbert and Earline were husband and wife. The parties to this matter, Keven, Craig and Libby, are the children of Wilbert and Earline.

We note that Plaintiffs did not allege that Earline was incapacitated or otherwise unable to file an action on her own behalf while she was living.