WICKER, J.
This appeal arises from a property dispute in Jefferson Parish, Louisiana. Appellant, TimBrian, L.L.C., challenges the granting of a July 2017 Motion for Summary Judgment in favor of Jefferson Parish, which summarily declared Jefferson Parish owner of a disputed piece of immovable property. For the following reasons, we reverse the district court's judgment granting summary judgment in favor of Jefferson Parish and affirm the district court's judgment denying TimBrian's Motion for Summary Judgment. This matter is remanded for further proceedings consistent with this opinion.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
The parties to the instant appeal, TimBrian, L.L.C. ("TimBrian"),[1] Jefferson Parish School Board ("the School Board"), and Jefferson Parish, have previously sought review from this Court regarding a different set of procedural issues arising in this case and stemming from the same basic facts reiterated below.[2]
The property in dispute in this case ("the Property") has, for many years, been used by the School Board as a playground in the front of Metairie Academy for Advanced Studies located on Metairie Road *531 in Jefferson Parish.[3] TimBrian acquired the Property at a tax sale held by the Sheriff and Ex-Officio Tax Collector for Jefferson Parish in exchange for payment of $ 111,318.29, which included unpaid property taxes and other costs. A Tax Sale Certificate dated September 27, 2010, was recorded in the Jefferson Parish Clerk of Court's conveyance records on November 4, 2010.
TimBrian filed a Petition for Monition in the 24th Judicial District Court on May 19, 2014 to cure any defects in the tax sale and to quiet title to the Property. On August 13, 2014, the district court in that matter rendered a "Judgment Confirming and Homologating Sale," which perfected TimBrian's title to the Property. This judgment was recorded in the Jefferson Parish conveyance records on August 13, 2014.
On December 22, 2014, the School Board filed a "Petition to Annul Tax Sale," naming TimBrian as a defendant. The School Board alleged the Property, which TimBrian purchased at the tax sale, included portions of land owned by the School Board and further alleged the tax sale was an absolute nullity. The School Board prayed for a judgment declaring it owner of the portions of the Property described in the petition, as well as for judgment nullifying the tax sale, nullifying the judgment homologating the tax sale, cancelling the inscriptions of the tax sale, and homologating judgment from the conveyance records.
On February 10, 2015, TimBrian filed an answer, exceptions and a reconventional demand seeking damages against the School Board, and a declaratory judgment naming TimBrian as the owner of the Property. The School Board subsequently filed its first supplemental and amending petition to annul the tax sale on April 1, 2015, which added Jefferson Parish as a defendant to the proceedings and alleged that Jefferson Parish owned the Property. The School Board further alleged that it had enjoyed possession of the Property since 1939, and that it had acquired predial servitudes of use, passage and right of way through its possession, thereby, entitling it to notice of the tax sale. Thus, the School Board sought a declaratory judgment recognizing its predial servitudes. It also alleged that, as the true owner of the Property, Jefferson Parish was also entitled to notice of the tax sale proceedings and bore the responsibility to attack and seek to nullify the tax sale and judgment of homologation to protect the School Board's peaceful possession of the Property.
On June 4, 2015, the School Board filed a second supplemental and amending petition, which contained minor amendments to its prior allegations.[4] In its answer to *532 the amending petitions to annul the tax sale, TimBrian incorporated its reconventional demand, including an eviction claim alleged against the School Board. In response to the original, first amending and second amending petitions, Jefferson Parish filed an answer and cross-claim against TimBrian and the School Board seeking a declaratory judgment recognizing Jefferson Parish as the owner of the Property.
On May 23, 2016, Jefferson Parish filed a motion for summary judgment seeking a declaration recognizing it as owner of the Property and for judgment dismissing TimBrian's reconventional demand. The district court denied the motion as premature due to outstanding discovery issues. After completing additional discovery, Jefferson Parish and the School Board filed a motion to re-urge the previously filed summary judgment motion. In response, TimBrian filed an opposition and a cross-motion for summary judgment seeking dismissal of Jefferson Parish's cross-claim.
The district court heard oral argument on both summary judgment motions, and entered a judgment on July 21, 2017, granting Jefferson Parish's motion for summary judgment. In its judgment, the district court declared that "Jefferson Parish is the owner of the property at issue by dedication from Hypolite de Courval in the year 1837." The judgment also denied TimBrian's motion for summary judgment and further stated that "all reconventional demands of defendant TimBrian, LLC asserting ownership of the property at issue are hereby DISMISSED." The judgment did not address the claims alleged by the School Board against Jefferson Parish and TimBrian.
On July 31, 2017, Jefferson Parish, the School Board, and TimBrian filed a timely "Joint Consent Motion for New Trial" requesting that the district court amend the July 21, 2017 judgment to include a legal description of the Property. The district court granted the motion for new trial and amended the judgment on August 1, 2017. On August 31, 2017, TimBrian filed a motion for devolutive appeal, which the district court granted. On March 28, 2018, this Court dismissed TimBrian's appeal without prejudice and remanded it for further proceedings, finding that this Court lacked appellate jurisdiction over the matter because "the judgment declaring Jefferson Parish as the owner of the Property [was] not designated as a partial final judgment pursuant to La. C.C.P. art. 1915(B)."[5]
On May 9, 2018, the parties filed a joint motion to have the amended July 21, 2017 judgment declared a partial final judgment pursuant to La. C.C.P. art. 1915(B)(1), which was granted on May 10, 2018. On May 16, 2018, TimBrian filed a motion for devolutive appeal.
It is from the amended July 21, 2017 judgment that TimBrian appeals.
*533 ASSIGNMENTS OF ERROR
Appellant, TimBrian, sets forth the following assignments of error regarding the amended July 21, 2017 judgment:
1. The district court erred in granting Jefferson Parish and the School Board's Motion for Summary Judgment because the motion was unsupported by the law, facts or admissible, authenticated or credible evidence.
2. The district court erred in granting Jefferson Parish and School Board's Motion for Summary Judgment because the evidence submitted was not properly authenticated, cumulative, and did not comply with the Code of Evidence or La. C.C.P. 966.
3. The district court erred in denying TimBrian's Motion for Summary Judgment in light of the uncontested material facts, law, and authenticated evidence.
4. The district court erred in allowing the School Board to move for Summary Judgment for the Parish and submit a cumulative expert report in support.
5. The district court's judgment does not comply with the provisions of the Louisiana Constitution, Article VII, Section 25 (C) and is not effective.
We will address TimBrian's assignments of error in the following manner: 1) TimBrian's peremptory exception of no right of action or no cause of action,[6] 2) the district court's grant of Jefferson Parish's Motion for Summary Judgment, and 3) the district court's denial of TimBrian's Motion for Summary Judgment.
LAW AND DISCUSSION
No Right of Action and No Cause of Action
In regard to TimBrian's exceptions of no right and no cause of action, TimBrian avers that the School Board judicially confessed that it does not own the Property and that no contract between Jefferson Parish and the School Board exists which would give the School Board a cause of action to enforce the potential property rights of Jefferson Parish. Therefore, TimBrian asserts that the School Board should be dismissed from the present appeal and, further, from the entire litigation. TimBrian asks that the School Board's brief, as well as its "1,300 pages of exhibits," be stricken from the record.
In opposition to TimBrian's exceptions of no cause of action and no right of action, the School Board asserts that although it is not the owner of the Property, it maintains a real right or property interest in the Property. The School Board asserts that it has maintained continuous and uninterrupted possession of the Property since 1939 and has used the Property "as part of the public school known as Metairie Academy, including as its playground, as walkways, for ingress and egress, and parking, as well as other uses." It further argues that TimBrian's exceptions of no cause of action and no right of action should have been raised in the district court and not on appeal.
In reply, TimBrian argues that the cause of action claimed by the School Board - enforcement of a real right - is not before this Court. Specifically, TimBrian argues that the School Board's claims for real rights may apply to whichever party is adjudicated the owner of the *534 Property. Therefore, TimBrian avers the School Board cannot be awarded any relief and is not aggrieved by the Judgment; thus, the School Board should be dismissed from this proceeding.
Contrary to the School Board's assertion that TimBrian's exceptions of no right of action and no cause of action should have been raised at the district court level, an appellate court may, sua sponte , raise and consider the peremptory exceptions of no right of action and no cause of action. La. C.C.P. art. 927(B) ; Bayou Fleet P'ship v. Clulee , 13-934 (La. App. 5 Cir. 9/10/14), 150 So.3d 329, 333. An exception of no right of action and an exception of no cause of action differ in that an exception of no right of action focuses on whether the particular plaintiff has a right to bring the suit, while an exception of no cause of action focuses on whether the law provides a remedy against the particular defendant. Indus. Cos. v. Durbin , 02-0665 (La. 1/28/03), 837 So.2d 1207, 1213.
Generally, an action can only be brought by a person with a real and actual interest which he or she can assert. La. C.C.P. art. 681. The peremptory exception of no right of action assumes the petition states a valid cause of action and questions whether the plaintiff has a legal interest in the subject matter of the litigation. Bayou Fleet P'ship , supra , citing Marks v. Third Dist. Volunteer Fire Dep't , 13-383 (La. App. 5 Cir. 12/30/13), 131 So.3d 1099, 1101. The peremptory exception of no right of action tests whether the individual bringing an action has the capacity or legal interest in judicially enforcing the right asserted. Show-Me Const., LLC v. Wellington Specialty Ins. Co., 11-528 (La. App. 5 Cir. 12/29/11), 83 So.3d 1156, 1159. A party has an actionable right, and consequently standing, if it can be said that the party has a legally protectable and tangible stake in the litigation. Id. Thus, in an exception of no right of action, the court questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Boyer v. Stric-Lan Cos. Corp. , 04-872 (La. App. 3 Cir. 11/10/04), 888 So.2d 1037, 1041. Unlike the exception of no cause of action, evidence may be introduced in support of an exception of no right of action. Roubion Shoring Co., L.L.C. v. Crescent Shoring, L.L.C. , 16-540 (La. App. 5 Cir. 5/17/17), 222 So.3d 921, 926. An exception of no right of action is reviewed de novo . Wells v. Fandal , 13-620 (La. App. 5 Cir. 2/12/14), 136 So.3d 83, 87.
On the other hand, a cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. DiLeo v. Hansen, 09-974 (La. App. 5 Cir. 6/29/10), 45 So.3d 1120, 1122-1123. The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. No evidence may be introduced to support or controvert the exception raising the objection of no cause of action, and for the purpose of determining the issues raised by the exception, all facts pleaded in the petition must be accepted as true. See La. C.C.P. art. 931, Show-Me Const., LLC v. supra .
In this case, although the School Board acknowledges that it is not the owner of the Property, it asserts that it has various property interests in the Property, including servitudes of use, passage, right of way, and usufruct resulting from its actual possession of the Property since 1939. Therefore, we find that the School Board has alleged a cause of action relating to property interests in the Property *535 at issue and, thus, has a legal interest in the subject matter of the litigation. Accordingly, we overrule TimBrian's exceptions of no right of action and no cause of action.
Motions for Summary Judgment
In TimBrian's first and second assignments of error, it avers that the district court erred in granting summary judgment in favor of Jefferson Parish because its motion was unsupported by law, facts, and admissible evidence. In furtherance of its claim, TimBrian argues that Jefferson Parish failed to prove that the original owner, Hypolite de Courval, intended dedication of the Property to the Parish.
Appellate courts review a judgment granting a motion for summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate: whether there is a genuine issue as to material fact and whether the mover is entitled to judgment as a matter of law. Chauvin v. Shell Oil Co. , 16-609 (La. App. 5 Cir. 10/25/17), 231 So.3d 903, 907 ; citing Richthofen v. Medina , 14-294 (La. App. 5 Cir. 10/29/14), 164 So.3d 231,234, writ denied , 14-2514 (La. 3/13/15), 161 So.3d 639. The motion for summary judgment is granted if, after an opportunity for adequate discovery, the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4). Pontchartrain Nat. Gas Sys., L.L.C. v. Tex. Brine Co., LLC , 18-606 (La. App. 1 Cir. 12/21/18), 2018 La. App. LEXIS 2572, 2018 WL 6718522.
Procedural Objections
Before turning to the merits of the district court's judgment, we first address an issue concerning TimBrian's objections to Jefferson Parish's experts Peter Title and Raymond Landry as raised in its Memorandum in Opposition to Motion for Summary Judgment. Under La. C.C.P. art. 966(D)(2), in ruling on a motion for summary judgment,
[t]he court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider.
A review of the record in the present case reveals that TimBrian, within its Memorandum in Opposition to [Jefferson Parish's] Motion for Summary Judgment, makes two specific objections to the expert reports filed by Jefferson Parish. First, TimBrian objected "to the entry of Peter Title's Report," arguing that Peter Title is a cumulative expert. In its second objection, TimBrian makes a "general objection" to the facts and conclusions in Mr. Landry's and Mr. Title's reports, specifically stating:
As the Parish Motion has no Statement of Facts or Uncontested Material Facts to specifically object to, TimBrian lodges its general objection to all those facts and conclusions in Mr. Landry and Mr. Title's reports which are not supported with authenticated documents properly *536 filed in the record pursuant to Louisiana Code of Civil Procedure Art. 966.
Article 966(D)(2) expressly provides that the court must "specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider." Despite TimBrian's objections being properly raised in its reply memorandum, the record before us does not reflect that the district court ruled on the objections during the hearing on the summary judgment motions. Moreover, the trial judge, after taking the matter under advisement, issued a July 21, 2017 written judgment, which also does not address TimBrian's procedural objections properly raised pursuant to La. C.C.P. art. 966. Accordingly, we find that the trial judge erred in failing to rule on the properly raised procedural objections prior to ruling on the motions for summary judgment.
However, for the reasons discussed below, we find the error is of no moment under the facts of this case.[7] We find that, even if we were to consider only the evidence presented by TimBrian in support of its motion for summary judgment, we find that TimBrian, as mover, failed to meet its burden of proof and further that a genuine issue of material fact exists in this case concerning the ownership and title to the property at issue.
The Merits
In summary judgments, the mover has the burden of establishing the absence of a genuine issue of material fact. La. C.C.P. art. 966(D)(1). A fact is "material" if its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Kennedy v. Sheriff of East Baton Rouge , 05-1418, p. 26 (La. 7/10/06), 935 So.2d 669, 687, citing Champagne v. Ward , 03-3211, p.5 (La. 1/19/05), 893 So.2d 773, 777. Thus, a material fact is one that would matter on the trial on the merits. Smith v. Our Lady of the Lake Hosp., Inc. , 93-2512, p.27 (La. 7/5/94), 639 So.2d 730, 751. An issue is genuine if reasonable persons could disagree. Murphy v. L & L Marine Transp. , 97-33 (La. App. 5 Cir. 5/28/97), 695 So.2d 1045, 1047. When a court is charged with determining whether an issue is "genuine," it cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Id.
In the present case, Jefferson Parish and TimBrian have each asserted claims of ownership in the Property which is situated between the southern boundary of Square 16 of the Metairieville Subdivision and the northern boundary of Metairie Road. Jefferson Parish asserts the original owner, Hypolite de Courval, donated the Property for public use as a right of way in 1837 through his donation of land consisting of "then North Metairie Road." Therefore, Jefferson Parish argues that TimBrian has "no claim to either the ownership of this public property, nor any rights therein other than as a member of the general public." TimBrian asserts that a North Metairie Road never existed, and if it did, it was "never formally or irrevocably dedicated to the public use as a road." Therefore, TimBrian argues that it owns the Property because it purchased the Property, which was assessed in the name of Hypolite de Courval, at a tax sale for $ 111,318.29.
*537 In support of its motion for summary judgment, TimBrian attached several documents, most pertinently: the affidavit of Charles Stern, Jr., who concluded by affidavit that the Property at issue was never dedicated to the public in 1837 as asserted by Jefferson Parish and that Jefferson Parish does not own the Property; the affidavit of William Reeves, Ph.D., who stated that there is no reliable historical evidence that any "North" Metairie Road ever existed; transcript excerpts from the deposition of Mr. Raymond Landry, Jefferson Parish's expert, in which he concluded that North Metairie Road existed and that Jefferson Parish owned the property at issue; and a 2015 "Act of Deposit" filed by Jefferson Parish into public records in which Jefferson Parish declared that it owned a portion of Metairieville Subdivision as a result of an 1837 dedication by Hypolite de Courval to Jefferson Parish. In its memorandum, TimBrian also recognized a difference in expert opinions as it relates to the issue of dedication stating that, "Mr. Title, Mr. Landry and Mr. Stern differ as to whether or not the 1837 Act of Deposit by de Courval consists of a formal, statutory or implied dedication."
Upon review of the evidence filed on behalf of TimBrian alone, we find there are genuine issues of fact regarding the existence of a North Metairie Road and ownership or dedication of the Property. Therefore, we find that the district court erred in granting Jefferson Parish's Motion for Summary Judgment in favor of Jefferson Parish.
In sum, the record before us presents conflicting arguments regarding material issues of fact - the validity of the tax sale, Jefferson Parish's role in the tax sale proceedings, the existence of a North Metairie Road, and the possible donation of the Property to Jefferson Parish. Therefore, we find that issues of material fact preclude summary judgment at this time. Consequently, we find that the district court did not err in denying TimBrian's Motion for Summary Judgment.
In light of this Court's findings, a discussion as to the remaining assignments of error raised by TimBrian is moot.
CONCLUSION
For the aforementioned reasons, we reverse the district court's judgment granting summary judgment in favor of Jefferson Parish, affirm the district court's judgment denying summary judgment in favor of TimBrian, and remand this matter to the district court for further proceedings consistent with this opinion.
REVERSED IN PART; AFFIRMED IN PART; REMANDED

The purported members of TimBrian, L.L.C. are Timothy Deano and Brian Melius.

See Jefferson Par. Sch. Bd. v. TimBrian, LLC , 17-668 (La. App. 5 Cir. 3/28/18), 243 So.3d 749.

The legal description of the property is:
THAT CERTAIN PIECE OR PORTION OF GROUND IN JEFFERSON PARISH, measuring 218.92 feet on Carrollton Avenue, by 409.37 feet on Metairie Road, by 146.68 feet on Lake Avenue, by 480.98 feet in the rear, containing approximately 53,160 square feet, abutting Square 16 of the Metairieville Subdivision, in Metairie, Louisiana.

Among the amendments made by the School Board in its second supplemental and amending petition is a claim that TimBrian made an offer to the School Board to purchase the Property from TimBrian in a letter dated August 14, 2014; however, in its petition, the School Board asserts that TimBrian refused to sell the Property at fair market value and further wanted the School Board to enter into a short-term lease of one year with TimBrian. Thus, the School Board asserted that the actions of TimBrian interfered with its right to exercise the real rights associated with existing servitudes on the Property and its possession and use "which has been acknowledged by the true owner, the Parish of Jefferson."

The July 21, 2017 judgment was a partial summary judgment which only addressed the issue of ownership and did not result in the termination of litigation between TimBrian, the School Board, and Jefferson Parish who all assert other claims for relief outside the declaration of ownership. In relevant part, the July judgment granted Jefferson Parish's motion for summary judgment holding that "Jefferson Parish is the owner of the property at issue by dedication from Hypolite de Courval in the year 1837." The judgment also denied TimBrian's motion holding "that all reconventional demands of defendant TimBrian, LLC asserting ownership of the property at issue are hereby DISMISSED." Thus, the July 21, 2017 judgment was a partial summary judgment that did not address any of the claims made by the School Board including its claim of predial servitude rights, or any claims made by TimBrian such as reimbursement of the $ 111,318.29 it paid at the tax sale, or Jefferson Parish's ownership interest in the Property.

TimBrian raises the peremptory exceptions of no cause of action and no right of action for the first time on appeal.

We need not consider the procedural objections under the evidence presented in this case. However, we do not opine on the appropriate appellate course of action when reviewing a case in which the trial judge failed to rule on a mover's procedural objection when the mover's evidence, filed in support of its own motion for summary judgment, satisfies its burden to shift the burden to the non-mover under La. C.C.P. art. 966.