JOHNSON, J.
Plaintiffs/Appellants, Jason Grubbs and Aimee Grubbs, appeal the judgment that sustained the exceptions of no right of action and no cause of action of Defendant/Appellee, Square, Inc., and dismissed their breach of contract lawsuit filed against it in the 24th Judicial District Court, Division "K". For the following reasons, we vacate the trial court's judgment and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
According to the pleadings, in the latter part of 2016, Mrs. Grubbs sought a professional design specialist to provide a proposal to design and furnish portions of her home. Mrs. Grubbs and Haven Custom Furnishings, LLC (hereinafter referred to as "Haven") agreed that Haven would propose different furniture items and accessories for Mrs. Grubbs' home. In consideration of the agreement between Mrs. Grubbs and Haven, Mr. Grubbs provided a $ 10,000 deposit to be held in escrow. Mr. Grubbs authorized the initial $ 10,000 payment to be charged to his American Express credit card. Over the course of 2016, Haven charged Mr. Grubbs' American Express card several more times, amounting to tens of thousands of dollars in charges.
On December 20, 2016, Plaintiffs filed their "Petition for Defamation, Conversion, Breach of Contract, and Infliction of Emotional Distress," wherein Plaintiffs sued Haven, its owners, Jennifer Uddo and Terri McCormack, and Square, Inc.[1] As Haven's credit card processor, Plaintiffs asserted that Square, Inc. received and processed unauthorized charges from Haven. In response to Plaintiffs' petition, *847 Square, Inc. filed "Peremptory Exceptions of No Right of Action and No Cause of Action, and in the Alternative, Dilatory Exceptions of Vagueness or Ambiguity, and Prematurity." In its exceptions, Square, Inc. argued that Mr. Grubbs is not a third-party beneficiary to its contract with either Haven or American Express; thus, he had neither a right of action nor a cause of action against it.
A hearing on Square, Inc.'s exceptions was held on September 27, 2017. At the conclusion of the hearing, the trial judge orally found that no facts alleged in the petition supported any cause of action against Square, Inc., and any benefit Plaintiffs may have received from Square, Inc.'s contracts was purely incidental. The trial judge then sustained Square, Inc.'s exception of no cause of action and denied Plaintiffs' request to amend their petition. In a written judgment rendered on October 13, 2017, the trial court sustained Square, Inc.'s exceptions of no right of action and no cause of action, dismissed all of Plaintiffs' claims against Square, Inc. with prejudice, and found the remaining exceptions of vagueness, ambiguity, and prematurity to be moot. Plaintiffs filed the instant appeal, contesting the trial court's October 13, 2017 judgment.
ASSIGNMENTS OF ERROR
On appeal, Plaintiffs allege the trial court erred in: 1) sustaining Square Inc.'s exception of no cause of action; 2) sustaining Square Inc.'s exception of no right of action, particularly when it was not sustained at the exceptions hearing; and 3) failing to provide them with an opportunity to amend their petition to cure any alleged defect.
LAW AND ANALYSIS
Exception of No Cause of Action
Plaintiffs allege the trial court was clearly erroneous in sustaining Square Inc.'s peremptory exception of no cause of action. They argue that the trial court was required to accept all of their allegations as true, and their petition set forth more than sufficient facts to show that Square, Inc. was liable to them and provided, at least, one cause of action. Plaintiffs contend that Square, Inc. acted as a paid agent of Haven by processing Haven's charges and presenting them to American Express for payment. Plaintiffs further contend that Square, Inc.-as a credit card processor-had independent liability and assumed certain risks and warranties, which included assurances that the transaction between Plaintiffs and Haven was free from defects and the draft or electronic funds transfer was properly payable by American Express; and, Square, Inc. breached its warranty.
Square, Inc. maintains the trial court correctly held that Plaintiffs have no cause of action against it. It asserts that there is no cognizable legal remedy available to Plaintiffs based on the allegations in their petition. Because Plaintiffs' petition purported their status as third-party beneficiaries and were mere legal conclusions, Square, Inc. contends that Plaintiffs were not entitled to a presumption of truth for such allegations from the trial court. Additionally, Square, Inc. asserts Plaintiffs have admitted that they had an exclusive agreement with Haven, not Square, Inc., and solely have a legal remedy against Haven.
A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert an action against the defendant. Show-Me Const., LLC v. Wellington Specialty Ins. Co. , 11-528 (La. App. 5 Cir. 12/29/11), 83 So.3d 1156, 1159, citing *848 DiLeo v. Hansen , 09-974 (La. App. 5 Cir. 6/29/10), 45 So.3d 1120, 1122-23. The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Jenkins v. Jackson , 16-482 (La. App. 5 Cir. 2/22/17), 216 So.3d 1082, 1089, writ denied , 17-652 (La. 9/6/17), 224 So.3d 984. The exception's function is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Id. , citing Guidry v. Hanover Ins. Co. , 09-220 (La. App. 5 Cir. 11/10/09), 28 So.3d 426, 428. No evidence may be introduced to support or controvert the exception raising the objection of no cause of action. Show-Me Const., LLC , supra , citing La. C.C.P. art. 931. For the purpose of determining the issues raised by the exception, all facts pleaded in the petition must be accepted as true. Id.
The appellate court standard of review of a judgment sustaining an exception of no cause of action is de novo because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. Jenkins , supra . A petition should not be dismissed for failure to state a cause of action, unless it appears beyond a doubt the plaintiff can prove no set of facts in support of any claim that would entitled him to relief. Id.
In the instant matter, Plaintiffs' petition sets forth 76 allegations. Among those allegations, Plaintiffs allege the following:
28.
Defendants then engaged in an unauthorized billing frenzy in which Jason Grubbs' American Express credit card was illegally and improperly billed without his permission for the following amounts...
29.
The charges on Jason Grubbs' American Express credit card were never properly payable.
30.
The charges on Jason Grubbs' American Express credit card violated Louisiana law since alleged obligations of this type and nature must be in writing.
31.
Jason Grubbs never authorized any of the amounts defendants improperly charged on his American Express credit card.
32.
Each time that defendants improperly charged Jason Grubbs' American Express credit card, defendants used the credit card information that they had illegally and improperly retained from the escrow deposit transaction.
* * *
49.
Defendants also provided American Express with a forged "signature" falsely purporting to be the signature of Jason Grubbs which was essentially a squiggly line with no letters or characters.
52.
All defendants are jointly and severally liable in solido for the acts, omissions, and breach of contract described in this petition.
(Emphasis in original).
The petition then sets forth several allegations regarding Square, Inc.'s contracts with Haven and American Express and Mr. Grubbs' third-party beneficiary status. It further alleges that Square, Inc. is strictly liable for Jason Grubbs' damages for presenting charges from Haven to American Express that were not properly payable nor authorized by Mr. Grubbs.
*849 After de novo review of Plaintiffs' petition, we find that the petition states a range of valid causes of action against Square, Inc. The petition sufficiently alleges causes of action based in tort and contract, e.g. , fraud and breach of contract, against all of the named defendants-including Square, Inc.; and, the law affords a remedy to Plaintiffs on the facts alleged in the petition. Therefore, we find that the trial court was erroneous in sustaining Square, Inc.'s exception of no cause of action.
Exception of No Right of Action
Plaintiffs allege the trial court was erroneous in sustaining Square, Inc.'s exception of no right of action. They first argue that the trial court's oral rendition of its ruling at the hearing was different from the ruling in the written judgment. Plaintiffs further argue that the trial court relied upon documents that were not admitted into evidence, i.e. , the intertwined contracts between Square, Inc., Haven and American Express, as the basis to improperly sustain Square, Inc.'s exception. In addition to not being admitted into evidence, Plaintiffs contend that those documents attached to Square, Inc.'s exception were unauthenticated, unverified, and unsigned and were improperly considered by the trial court.
Square, Inc. avers the trial court correctly held that Plaintiffs have no right of action against it. It asserts that Plaintiffs have no right of action against it because they are not third-party beneficiaries to the contracts between Square, Inc. and Haven or Square, Inc. and American Express, and Plaintiffs cannot prove with certainty that they would benefit from either of those contracts. Square, Inc. further asserts that Plaintiffs' benefit, if any exists, is a "mere incident" of the contracts at issue, not an actual stipulation that benefits them, and Plaintiffs cannot show that Square, Inc. owes them any legal obligation.
Before addressing whether the trial court properly sustained Square, Inc.'s exception of no right of action, we first note that appeals are taken from written judgments, not oral judgments. In Quality Paint Hardware & Marine Supply Inc. v. Crescent Coating & Servs. Inc. , 13-129 (La. App. 5 Cir. 8/27/13), 123 So.3d 780, 784, citing State v. Beaudoin , 06-88 (La. App. 5 Cir. 6/29/06), 939 So.2d 428, this Court held that an oral judgment that has not been reduced to writing and signed by the trial judge is insufficient to divest the trial court of jurisdiction and grant jurisdiction to the appellate court. Consequently, although the trial court may have orally only sustained Square, Inc.'s exception of no cause of action, we are constrained to consider the trial court's written judgment in this matter, which sustained both the exceptions of no cause of action and no right of action.
An action can only be brought by a person having a real and actual interest which he asserts. Show-Me Const., LLC , 83 So.3d at 1158, citing La. C.C.P. art. 681. The peremptory exception of no right of action tests whether the individual bringing an action has the capacity or legal interest in judicially enforcing the right asserted. Id. , citing La. C.C.P. art. 927(A)(5). A party has an actionable right, and consequently standing, if it can be said that the party has a legally protectable and tangible stake in the litigation. Id. , citing First Bank and Trust v. Duwell , 10-481 (La. App. 5 Cir. 12/14/10), 57 So.3d 1076, 1078. The exception of no right of action tests whether the plaintiff has a "real and actual interest" in the action, but it does not raise questions of the plaintiff's ability to prevail on the merits or whether the defendant may have a valid defense.
*850 Roubion Shoring Company, LLC v. Crescent Shoring, L.L.C. , 16-540 (La. App. 5 Cir. 5/17/17), 222 So.3d 921, 926.
At the hearing on the exception of no right of action, the exception may be submitted on the pleadings, or evidence may be introduced either in support of or to controvert the objection raised when the grounds thereof do not appear from the petition. Id. , citing Lemmon Law Firm, LLC v. School Bd. of Parish of St. Charles , 13-376 (La. App. 5 Cir. 12/12/13), 131 So.3d 231. The burden of proof of establishing the exception of no right of action is on the exceptor. Id. , citing City of New Orleans v. Board of Directors of Louisiana State Museum , 98-1170 (La. 3/2/99), 739 So.2d 748. The standard of appellate review for the exception of no right of action is de novo. Wells v. Fandal , 13-620 (La. App. 5 Cir. 2/12/14), 136 So.3d 83, 87, writ denied , 14-511 (La. 4/25/14), 138 So.3d 645.
In its memorandum to the trial court for the peremptory exceptions and its argument at the hearing, Square, Inc. solely argued that Plaintiffs have no right to bring an action against it because they are not third-party beneficiaries to Square, Inc.'s contracts with Haven or American Express. Square, Inc. attached multiple contracts to its memorandum to support its position. However, the transcript of the hearing on the exceptions does not indicate that any exhibits were introduced or accepted by the trial court. Thus, none of the documents supporting Square, Inc.'s exception of no right of action were properly before the trial court for consideration.[2] Accordingly, we are limited to the review of the allegations in Plaintiffs' petition to determine whether Plaintiffs have a right to bring an action against Square, Inc.
Upon de novo review, we find that Square, Inc. failed to meet its burden of proving that Plaintiffs have no right to bring any action against it. The grounds for Square, Inc.'s exception do not appear in the petition. Furthermore, Square, Inc. failed to submit any evidence that proves Plaintiffs are not third-party beneficiaries or that Plaintiffs are not members of the class of person with a legal interest in the other causes of action set forth in Plaintiffs' petition. Therefore, we find the trial court erred in sustaining Square, Inc.'s exception of no right of action.
Opportunity to Amend Petition
In the alternative, Plaintiffs allege the trial court was erroneous in failing to allow them time to amend their petition to cure any defects found by the court. Conversely, Square, Inc. avers the trial court properly denied Plaintiffs' request to amend their petition because no amendment could cure the defects of them having no cause of action and no right of action.
Because we have found that Plaintiffs both have a right of action and a cause of action against Square, Inc., the trial court's denial of Plaintiffs' request to amend their petition is moot.
DECREE
For the foregoing reasons, we vacate the trial court's judgment that sustained the exceptions of no cause of action and no right of action filed by Square, Inc. and dismissed Plaintiffs' action against Square, Inc. We remand the matter to the trial court for further proceedings. Square, Inc. is assessed the costs of this appeal.
*851 JUDGMENT VACATED; REMANDED

Haven filed an action on an open account against Plaintiffs in district court case number 765-654. That matter was consolidated with the instant case.

Evidence not properly and officially offered and introduced into evidence cannot be considered on appeal, even if it is physically placed in the record. Roubion Shoring Company, LLC , supra .